**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

GLOBAL PLASMA SOLUTIONS, INC.,
*Plaintiff*,
v.                                               CIVIL ACTION NO. 3:21-cv-00884-D
D ZINE PARTNERS, LLC and               JURY TRIAL DEMANDED
MARWA ZAATARI
*Defendants*.

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

Defendants D Zine Partners, LLC ("D Zine") and Marwa Zaatari ("Zaatari") (collectively, "Defendants") by and through their undersigned attorneys, without waiver of their right to later allege a cause of action under the Texas Citizens Participation Act should the Fifth Circuit decide that the 2019 amendment to the act made same statutory rather than procedural and thus allowable in Federal practice, file this the Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) as to Plaintiff Global Plasma Solutions, Inc.'s ("GPS"), Original Complaint, and state as follows:

## I.      INTRODUCTION

This case is a thinly vailed slap suit that was filed in Federal Court in order to escape the provisions of the Texas Citizens Participation Act, ("TCPA"), also known as the Texas's Anti-SLAPP statute. Tex. Civ. Prac. & Rem. Code § 27.001-.011.[1]

---

[1] *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019).

Here the claims Plaintiff brought against Defendants were brought to stifle their right: (1) to free speech; (2) to petition; and/or (3) of association. While the TCPA may not be applicable, Federal Rules 12 and 56 are applicable. Under 12(b)(6) Plaintiff's complaint must now "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); accord *Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009). Thus, to survive a Rule 12(b)(6) motion, the Plaintiff must state a claim that is "plausible on its face." This Plaintiff has not done. The facts in the Plaintiff's Original Complaint do not "raise a right to relief above the speculative level," and into the 'realm of plausible liability.'" *See Twombly*, 550 U.S. at 555. In other words, the Plaintiff's Original Complaint does not allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 558.

## II.    SUMMARY OF ARGUMENT

1.      Plaintiff alleges Federal False Advertising and Unfair Competition (15 U.S.C. § 1125(a)) against Defendants. In so doing, the Plaintiff fails to assert a cause of action for which relief could be granted. 12(b)(6). Specifically, Plaintiff's Original Complaint does not assert sufficient factual allegations to support Plaintiff's claims against Defendants under the Federal False Advertising and Unfair Competition Act. Plaintiff does not allege, among other deficiencies, that the statements have a

"tendency to deceive a substantial segment of its audience," that there is any specific evidence of harm; that the statements are verifiable and "capable of being prove[n] false" by scientific methods,[2] that Defendants are competitors as to a specific product when they are not, or what statutory grounds Plaintiff alleges for attorney fees or exemplary damages. These pleading deficiencies are fatal to Plaintiffs' allegations against Defendants under the Federal False Advertising and Unfair Competition Act.

2.    Plaintiff alleges Defamation under Texas law. In so doing, the Plaintiff fails to assert a cause of action for which relief could be granted. 12(b)(6). Specifically, Plaintiff's Original Complaint does not assert sufficient factual allegations to support Plaintiff's Texas Defamation claims against Defendants. Plaintiff's Original Complaint does not in the defamation section give the time, date, audience, or exact words of the alleged defamation; it does not separate libel from slander and does not quantify which alleged statements are libel per se. For a statement to be actionable in defamation, it must expressly or impliedly assert facts that are objectively verifiable. *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 18, 19 (1990); *Bentley v. Bunton*, 94 S.W.3d 561, 580 (Tex.2002); *see Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 639 (Tex.2018). Plaintiff does not categorize which statements can

---

[2] Literal falsity requires Plaintiff to allege that "all reasonable experts in the field agree that the representations are false." *Brown v. GNC*, 789 F.3d505 (4th Cir. 2015).

be categorized as fact or non-fact. Plaintiff's Original Complaint does not sufficiently set forth the factual setting in which the statement was made (e.g., political, social, or philosophical debate), the format in which the statement appears (e.g., in a review, editorial, or cartoon), the general tenor of the entire work, and, most particularly, the reasonable expectations of the audience in that particular situation. These pleading deficiencies are fatal to Plaintiffs' Defamation allegations against Defendants.

3.      Plaintiff alleges Business Disparagement under Texas law. In so doing, again the Plaintiff fails to assert a cause of action for which relief could be granted. 12(b)(6). Specifically, Plaintiff's Original Complaint does not assert sufficient factual allegations to support Plaintiff's Texas Business Disparagement claims against Defendants. Plaintiff's Original Complaint does not in its pleadings identify the specific words or statements it contends were made by the defendants that causes harm to plaintiff's economic interests and what that specific harm is. Plaintiff further has not established that the specific published words were false. In a business-disparagement action the Plaintiff must plead and prove that the specific statement was false. *Hurlbut v. Gulf Atl. Life Ins*., 749 S.W.2d 762, 766 (Tex.1987). Further, proof of special damages is an essential element in a business-disparagement claim—without proof of special damages, there is no claim. *Waste Mgmt. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex.2014). Special damages,

4

(e.g., loss of specific sales), have not been specifically pled. These pleading deficiencies are fatal to Plaintiff's Texas Business Disparagement allegations against Defendants.

4.      Plaintiff alleges Tortious Interference with Prospective Business (Texas Law). In so doing, the Plaintiff fails to assert a cause of action for which relief could be granted. 12(b)(6). Specifically, Plaintiff's Original Complaint does not assert sufficient factual allegations to support Plaintiff's Tortious Interference with Prospective Business claim. For instance, Plaintiff's Original Complaint does not expressly mention with whom the implicated tortious interference of prospective business relationships claim is made. Plaintiff's Original Complaint does not state how the alleged statements, which are not even listed, are not authorized under the commercial speech exemption. Furthermore, conclusory or speculative testimony of lost profits will not support a complaint or judgment. Plaintiff does not allege any "independently tortious or unlawful" conduct to support the required elements of the cause of action. These pleading deficiencies are fatal to Plaintiff's Tortious Interference with Prospective Business (Texas Law) allegations against Defendants.

5.      Plaintiff alleges Common Law Unfair Competition. Once again, the Plaintiff fails to assert a cause of action for which relief could be granted. 12(b)(6). Specifically, Plaintiff's Original Complaint does not assert sufficient factual allegations to support Plaintiff's Common Law Unfair Competition claims against

Defendants. Plaintiff's Original Complaint does not in its pleadings establish what regulation or statute this particular claim is based upon. The Original Complaint also does not allege "actual malice" as to this allegation as is required. The Original Complaint further alleges no specific damages or actual evil acts of unfair competition. The section does not even discern how they are competitors. These pleading deficiencies are fatal to Plaintiffs' Common Law Unfair Competition allegations against Defendants.

6.     Defendants further contend that Plaintiff's allegations regarding the Plaintiff's alleged right to attorneys' fees and exemplary damages lacks citations to any statute or regulation to support said allegation. Plaintiff further states no specific losses as is required for special damages; and indeed, the Plaintiff states no actual damage or damage amount other than to plead it is over $75,000.00 for jurisdictional purposes.

## III.   ARGUMENT

7.     Rule 12(b)(6) allows for dismissal of an action when the claimant has failed to state a claim upon which relief can be granted. The factual allegations supporting the claim "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court should not strain to find favorable inferences for the plaintiff

or accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 648, 652 (5th Cir. 2005).

8.     If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is justified in assuming the non-existence of those facts. *See, e.g., Reneker v. Offill*, No. Civ. A. 3:08-CV-1394-D, 2009 WL 3365616, at \*5 (N.D. Tex. October 20, 2009). The sufficiency of Plaintiff's Complaint must also be determined by the federal pleading standard, not the Texas state pleading standard. And, in ruling on a Rule 12(b)(6) motion, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (pleadings that are "no more than conclusions . . . are not entitled to the assumption of truth").

9.     Plaintiffs' Original Complaint wholly fails to plead sufficient facts to support any of the alleged Plaintiff causes of action. While Plaintiff contends that Defendants contacted GPS's existing and potential customers; Plaintiff fails to list the name of any customer, the date or where the contact occurred – much less what defamatory statement was said. Likewise, Plaintiff pleads that Defendants disparaged Plaintiff at presentations; but again, Plaintiff fails to list the date or where the exact contact occurred – much less what defamatory statement was said in the presentation.  The causes of action asserted in Plaintiffs' petition are wholly conclusory. *Twombly*, 550 U.S. at 555.

7

## IV.   FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION (15 U.S.C. § 1125(A))

10.    Under the Federal False Advertising and Unfair Competition Act a "commercial advertisement" consists of a representation that is 1) commercial speech, 2) made by the defendant who commercially competes with the plaintiff, 3) for the purpose of influencing consumers "'to buy the defendant's goods or services,'" and 4) is disseminated to the relevant purchasing public to constitute advertising or promotion within that industry. *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379 (5th Cir. 1996).

11.    Here there is no evidence indicating that Defendants uttered the alleged misrepresentations to The American Society of Heating, Refrigerating, and Air-Conditioning Engineers (ASHRAE), the U.S. Green Building Council,[3] the academic community, other industry organizations or other industry-sponsored webinars, and online events while attempting to sell Defendant's products. Utterances were purportedly made. Missing though is evidence that any of these entities were consumers of Defendant's products or that Defendants sought to influence them or any consumers to buy its products when the utterances were made. *Seven-Up Co.*, 86 F.3d at 1384 (assessing whether a misrepresentation was uttered

---

[3] In fact, the Original Complaint at pages 31-33, for instance, illustrate that Ms. Zaatari is either on the Board or on Committees of many of these organizations. One is allowed to give advice to one's own Board.

in an advertisement or promotion and observing that one issue before it was "whether Coca-Cola's presentation was made 'for the purpose of influencing consumers to buy defendant's goods'"). At most, Defendants allegedly were attempting to dissuade those entities from dealing with Plaintiff, rather than attempting to induce them to buy Defendants' goods. To compound the point, Defendants' do not currently sell any goods or products and have not made any money since its creation. Thus, Plaintiff failed to present a prima facie case on the element of "commercial advertisement."

12.     Furthermore, Plaintiff fails to show how Plaintiff and Defendants are competitors. Plaintiff admits at paragraph two (2) of the Original Complaint that, "GPS is an innovative company focused on providing consumers with safe and effective air purification products." And admits at paragraph seven (7) that, "Zaatari is a partner and, on information and belief, an owner of D Zine, a firm that offers indoor air filtration consulting and design services, and a competitor to GPS." But Plaintiff does not relate how air filtration consulting and design services are competitive. The Original Complaint goes on at paragraph eight (8) to state that, "Zaatari also serves as a consultant for enVerid, a direct competitor to GPS, which offers, among other things, air purification systems." But enVerid is not a party to this action and being a consultant does not make Defendant Zaatari a "competitor." GPS' own complaint acknowledged Defendant Zaatari as a consultant, but fails to

make the connection that Defendant Zaatari, as a consultant, would be able to promote GPS' products if she believed the scientific evidence supported its safety and effectiveness.

## V. DEFAMATION UNDER TEXAS LAW

13.    To state a defamation claim, a plaintiff must show (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, at least amounting to negligence, and (4) damages, in some cases. *Innovative Block of S. Tex., Ltd*., 603 S.W.3d 409, 417 (Tex., 2020). A defamatory statement is one that "tends [ ] to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559 (Am. L. Inst. 1977); *see also Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013) (defining defamation "as the invasion of a person's interest in her reputation and good name").

14.    The first element of a defamation claim is that the "defendant" published a false statement. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (*per curiam*). Defendants urge that the questioned statements are true, and Plaintiff has not given clear and specific evidence establishing a *prima facie* case for each element of defamation by Defendants. For instance, Plaintiff's Original Complaint alleges libel *per se* as defined by Section 73.001 of the Texas Civil Practice and Remedies Code

10

at page 17, paragraph 72, but Plaintiff has not given a specific example. Are Defendants supposed to guess what the libel *per se* words were, to whom they were spoken, when the words were spoken, and where these words were spoken? Perhaps, Plaintiff believes it is the poem, Exhibit I. That would just be a guess by Defendants. Regarding a petition, in which Plaintiff is making a claim against a Defendant, the Defendant should not have to guess. Under defamation law, the Plaintiff must be specific.

15.     Even when one looks at utterances attached in the Factual Background section of the Original Complaint, the exhibits fail to comply with the specific evidentiary requirement of defamatory pleadings. Exhibit B is simply an announcement of starting a new venture in April 2021.[4] Exhibits C, D, E, F, and G do not specifically mention Plaintiff and discuss a scientific debate that is currently being decided. While Exhibit H mentions a device tested is produced by GPS, it recites a scientific study that rebuts the GPS claim of reduction of particulate matter concentrate, and as such is truthful and not defamatory. Exhibit I is a poem, and not only does not particularly name Plaintiff, but is an artistic parody that does recognize other scientists that agree with Defendant's scientific position. Exhibit J is the D Zine home page, does not mention Plaintiff and is not defamatory.

---

[4] Actually, Defendant Zaatari had to send a cease-and-desist letter to Plaintiff in 2019, copy attached as Exhibit 1, so this debate did not begin in January 2021 as page 6, paragraph 36 and page 7, paragraph 38 insist.

16.     In any event there was no actual evidence of harm to Plaintiff's reputation listed in Plaintiff's Original Complaint. Plaintiff boasts at page 5, paragraph 26 that "…GPS has earned a reputation as a leader in the air quality/purification industry." At page 5, paragraph 32 Plaintiff expounds that,

> "GPS's reputation for excellence and dedication to offering safe, high-quality products is embodied within its GLOBAL PLASMA SOLUTIONS logo, the GPS name, and its NPBI™ brand, all of which are readily associated with GPS and its products when encountered by the public and entities or individuals within the industry."

And while on page 6, paragraph 33, Plaintiff speculates that, Zaatari has embarked on a meritless campaign to damage GPS's reputation and goodwill…," and even states at page 16, paragraph 60 that Defendant Zaatari "caused substantial damage to GPS and irreparable harm to GPS's reputation" such is a conclusory statement and insufficient to sustain a *prima facie* case.

17.     So, what is actionable defamation? In *Bentley*, the Texas Supreme Court adopted the test used by the U.S. Supreme Court in *Milkovich* for determining whether a statement is actionable in defamation. *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex.2002). For a statement to be actionable in defamation, it must expressly or impliedly assert facts that are objectively verifiable. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990); *Bentley*, 94 S.W.3d at 580; *see Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 639 (Tex.2018).

18.    For a statement to be actionable, a reasonable fact-finder must be able to conclude that the statement implies an assertion of fact. *Milkovich*, 497 U.S. at 20–21; *see Bentley*, 94 S.W.3d at 579; *Gaylord Broad. Co. v. Francis*, 7 S.W.3d 279, 284 (Tex.App.—Dallas 1999), *pet. denied*, 35 S.W.3d 599 (Tex.2000). To make this determination, the court must look at the entire context in which the statement was made. *See Scripps NP Oper., LLC v. Carter*, 573 S.W.3d 781, 795 (Tex.2019); *Bentley*, 94 S.W.3d at 581.

19.    The court considers the factual setting in which the statement was made (*e.g.*, political, social, or philosophical debate), the format in which the statement appears (*e.g.*, in a review, editorial, or cartoon), the general tenor of the entire work, and the reasonable expectations of the audience in that particular situation. *See Milkovich*, 497 U.S. at 24 (Brennan & Marshall, JJ., dissenting); *Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 54 (1988) (statements made in political cartoons, satires, and parodies are often exaggerated, exploitative, and one-sided); *Letter Carriers v. Austin*, 418 U.S. 264, 286 (1974) (statements made during labor disputes often contain exaggerated rhetoric); *Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 13 (1970) (statements made during heated public debate often contain exaggerated rhetoric); *Bentley*, 94 S.W.3d at 585 (statement on public-access television projects less credibility than statement on network news). In applying these factors, the court determines whether a reasonable reader, listener, or viewer could conclude that the

statements were conveying facts about the plaintiff. *See, e.g., Hustler Mag.*, 485 U.S. at 57 (no reasonable reader could have concluded statements in ad parody were describing actual facts about P); *Letter Carriers,* 418 U.S. at 285–86 (no reasonable reader would have understood the term "scab" to suggest Ps were being charged with a crime); *Greenbelt Coop.*, 398 U.S. at 14 (no reasonable reader would have perceived the use of the word "blackmail" as charging P with a crime); *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 161 (Tex.2004) (no reasonable reader would conclude that article stated actual facts because of newspaper's irreverent tone and its semi-regular publication of satire); *Bentley*, 94 S.W.3d at 581 (reasonable viewer of public-access television show would have understood term "corrupt" to have its ordinary meaning).

20.     In the present case, there is a legitimate public debate about the use and benefit of ionizers and in a COVID-19 world such is an issue of public concern. *Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 418 (Tex. 2020) teaches that whether a communication is defamatory is "in the first instance a legal question." Defendants urge that the alleged statements are not defamatory as a matter of law.

## VI.    BUSINESS DISPARAGEMENT

21.     Next, Defendants address the Plaintiff's claim of business disparagement and whether the statements outside the realm of commercial speech can serve as its

foundation. The focus of the cause of action lies on recompensing pecuniary loss. *Innovative Block of S. Tex., Ltd*., 603 S.W.3d 409, 417 (Tex., 2020). The elements of the claim are 1) the existence of a false statement, 2) published with malice, 3) with the intent that it causes pecuniary loss or the reasonable recognition that it will cause such loss, and 4) actual pecuniary loss, or special damages, resulting from it. *Id.* Plaintiff further has not established that the specific published words which Plaintiff alleges were false. In a business-disparagement action the Plaintiff must plead and prove the specific statement which was false. *Hurlbut v. Gulf Atl. Life Ins*., 749 S.W.2d 762, 766 (Tex.1987).

22.    The torts of defamation and business disparagement are alike in that both involve harm from the publication of false information, but there are important differences between the two, largely explained by the interests the respective torts seek to protect; defamation serves to protect one's interest in character and reputation, whereas business disparagement protects economic interests by providing a remedy for pecuniary losses from slurs affecting the marketability of goods and services. *Id.* at 417. Because business disparagement, unlike defamation, is solely concerned with economic harm, proof of special damages is a "fundamental element of the tort. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex. 2014). Additionally, essential to a claim of business disparagement is proof of malice and lack of privilege. There is no clear and specific

15

evidence cited in Plaintiff's Original Complaint that Defendants acted with malice in submitting any statement alleged. Again, because Dr. Batra did not establish by clear and specific evidence a prima facie case for business disparagement, the trial court should correctly dismiss that claim. *Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 711 (Tex. App.-Amarillo 2018). Plaintiff has pled no specific special damage or proof of malice or lack of privilege as is required for a *prima facie* case.

## VII.   TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS (TEXAS LAW)

23.     The elements of the claim of Tortious Interference with Prospective Business (Texas Law) are: 1) a reasonable probability that the plaintiff would have entered into a business relationship with a third party; 2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; 3) the defendant's conduct was independently tortious or unlawful; 4) the interference proximately caused the plaintiff injury; and 5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013); *Batra v. Covenant Health System*, 562 S.W.3d 696, 712 (Tex.Civ.-Amarillo 2018, *pet. denied*).

24.     The evidence presented in Plaintiff's Original Complaint does not clearly and specifically establish which referrals or customers Plaintiff lost due to the adverse statements that Plaintiff might allege but does not. To speculate that Plaintiff "would

have been" chosen for a business relationship is insufficient to meet Plaintiff's pleading burden of proof. Plaintiff does not establish which business relationships Plaintiff would have entered into but for the alleged defamation by Defendants. Furthermore, Plaintiff did not plead that Defendants committed an independently tortious act. Plaintiff's Original Complaint makes conclusory statements that Plaintiff's reputation might be harmed and at page 20, paragraph 88 that Plaintiff sustained a loss of prospective contracts and other business. Again, plaintiff speculates at page 20, paragraph 89, without pointing to a single specific instance of a lost customer. Plaintiff also failed to produce clear and specific evidence of the required element that Defendants acted with a conscious desire to prevent a business relationship from occurring or that Defendants knew that any interference with a business relationship was certain to occur from any to be alleged adverse statement. As such, Plaintiff failed to establish a *prima facie* case for tortious interference with prospective business relations and the Trial Court should correctly dismiss this claim.

## VIII.  COMMONLAW UNFAIR COMPETITION

25.     The contours of Texas unfair competition law are not entirely clear.[5]  Texas generally recognizes the following types of business torts under the umbrella of

---

[5]Actually, no specific Texas law defines common law unfair competition. When applied by Texas courts, "unfair competition" is more of a catch-all term for various kinds of business-related torts. None of which business-related tort is listed by Plaintiff in this section of the Original Complaint.

unfair competition: passing off, misappropriation of trade secrets,[6] and common law misappropriation. None of these are applicable to this case. The Restatement of the Law (Third), Unfair Competition states:

Chapter One- The Freedom to Compete

§ 1 GENERAL PRINCIPLES

One who causes harm to the commercial relations of another by engaging in a business or trade is not subject to liability to the other for such harm unless:

(a) the harm results from acts or practices of the actor actionable by the other under the rules of this Restatement relating to:
(1) deceptive marketing, as specified in Chapter Two;
(2) infringement of trademarks and other indicia of identification, as specified in Chapter Three;
(3) appropriation of intangible trade values including trade secrets and the right of publicity, as specified in Chapter Four; or from other acts or practices of the actor determined to be actionable as an unfair method of competition, taking into account the nature of the conduct and its likely effect on both the person seeking relief and the public; or

(b) the acts or practices of the actor are actionable by the other under federal or state statutes, international agreements, or general principles of common law apart from those considered in this Restatement.

26.    The Plaintiff's Original Complaint does not cite a statute or regulation on which it alleges are actionable by under federal or state statutes, international agreements, or general principles of common law. Plaintiff does not allege

---

[6] The Fifth Circuit Court of Appeals recently ruled that the federal copyright and patent laws preempt the Texas common law claim of unfair competition by misappropriation. *Orthoflex v. ThermoTek*

misrepresentations to consumers, and again does not state the actual statements or the context in which those statements were made. Further as this is not a passing off, misappropriation of trade secrets, or common law misappropriation, same is mis-pled and should be dismissed.

## IX.   LACK OF SPECIFIC DAMAGES AND SUPPORT FOR OTHER CLAIMS

27.    Conclusory testimony is not evidence. *In re L.C.L.*, 599 S.W.3d 79, 85 (Tex. App.—Houston [14th Dist.] 2020, pet. filed); *See In re A.H.*, 414 S.W.3d 802, 807 (Tex. App.—San Antonio 2013, *no pet.*). The same is true when attempting to establish lost profits; conclusory testimony will not support recovery even if coming from the business owner. *Nat. Gas Pipeline Co. v. Justiss*, 397 S.W.3d 150, 157 (Tex. 2012) (stating that a "business owner's conclusory or speculative testimony of lost profits will not support a judgment"). Required is reasonably certain evidence of lost profits based on objective facts, figures, or data. *Id.* (quoting *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992)). Missing from Plaintiff's Original Complaint are the objective facts, figures or data mandated by the alleged causes of action. So, Plaintiff failed to present clear and specific evidence in Plaintiff's Original Complaint establishing a prima facie case at least as to one element of its claims involving the statements of Defendants.

28.    Furthermore, Plaintiff in Plaintiff's prayer requests attorney fees and exemplary damages; yet Plaintiff fails to plead in the body of the Original Complain

19

and does not cite the statutory or Common Law source for such allowance. The Plaintiff's Original Complaint should be dismissed under Rule 12(b)(6).

## X. CONCLUSION[7]

29.     Under two Supreme Court decisions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the dismissal rules as to 12(b)(6) changed. No longer must a defendant prove "beyond any doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief." Now, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (emphasis added); *accord Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009). To survive a Rule 12(b)(6) motion, the plaintiff must state a claim that is "plausible on its face. *Iqbal*, 556 U.S. at 678-79.[8]

30.     The complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Twombly*, 550 U.S. at 557. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

---

[7] Drawn from Fundamentals of Rule 12, FBA NO Chapter -- Federal Practice Series, Thursday, March 26, 2015; The Honorable Carl Barbier, United States District Judge.
[8] Defendants urge that the Complaint must at the very least meet the standards or elements of a prima facie case of a set cause of action.

570). The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." *See Twombly*, 550 U.S. at 555. In other words, the complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 558.

31.     Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (same).

32.     Defendants acknowledge that a complaint attacked by a Rule 12(b)(6) motion may not need to set forth detailed factual allegations unless otherwise required such as in instances of fraud under FED. R. CIV. P. 9 or the Private Securities Litigation Reform Act (PSLRA). *Compare Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (complaint need not contain specific factual allegations to state a *prima facie* case of discrimination and Rule 9(b) does not explicitly require greater pleading requirements set forth in Rule 8(a) for discrimination cases), with *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308 (2007) (discussing heightened pleading

requirements required by PSLRA to survive Rule 12(b)(6) motion).[9] But Defendants urge that the present Plaintiff Original Complaint fails under both Rule 9 and Rule 8.

33.     Under *Twombly/Iqbal* pleading standards, a plaintiff must at the very least allege a short and plain statement of the claim, along with plausible facts to back up the assertions. For instance, under the Lanham Act only persons suffering a competitive injury have standing to sue for false and misleading advertising under the Lanham Act. Generally, consumers do not have standing to bring a claim, even if they are "injured" by the false advertising. Thus, a Lanham Act Complaint should state plausible facts as to how the parties are competitors.

34.     There is a two-prong test requires that (1) plaintiff's interest fall within the "zone of interests" protected by the law invoked; and (2) plaintiff 's injuries are proximately caused by violations of the statute. *Lexmark v. Static Control Components*, 134 S. Ct. 1377 (2014). "[A] plaintiff must allege injury to a commercial interest in reputation or sales" to come within the "zone of interests" protected under Section 1125(a) of the Lanham Act. As to the second prong, "must show economic or reputational injury flowing directly from the deception" triggered

---

[9] District Courts in the 5th Circuit have in the past refused to apply Rule 9 to Lanham Act cases. *See Clearline Techs., Ltd. v. Cooper B–Line,* 2012 WL 43366, at *6, 2012 U.S. Dist. LEXIS 2116, at *19 (S.D.Tex. Jan. 9, 2012); *Vendever LLC v. Intermatic Mfg.,* 2011 WL 4346324, at *4, 2011 U.S. Dist. LEXIS 105257, at *12 (N.D.Tex. Sept. 16, 2011)

by the defendant's advertising, which "occurs when deception of consumers causes them to withhold trade from the plaintiff." This the Plaintiff's Original Complaint has not done.

35.    To state a claim under § 43(a)(1)(B), the false or deceptive advertising section of the Lanham Act § 43(a), Plaintiff must plead and prove:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir.1999); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709–10 (N.D. Ill. 2006). *See also Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000). *Vendever LLC v. Intermatic Mfg. Ltd*., No. 3:11-CV-201-B, 2011 WL 4346324, at *4 (N.D. Tex. Sept. 16, 2011)

36.    Indeed, District courts in the Seventh and other Circuits have held that Section 43(a) false advertising claims are subject to Federal Rule of Civil Procedure 9(b), which applies a heightened pleading standard to claims involving fraud or

deception.[10] Applying 9(b), a plaintiff must plead the who, what, where, and when of the alleged deception with specificity.

One 7th Circuit case holds:

> Rule 9(b)
> Claims that allege false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b). *MPC Containment Sys., Ltd. v. Moreland*, No. 05–C–6973, 2006 WL 2331148, at *2 (N.D.Ill. Aug. 10, 2006) (collecting cases); *Merix Pharm. Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.*, No. 05–C–1403, 2006 WL 1843370, at *2 (N.D.Ill. June 28, 2006). While COE did not raise the issue of heightened pleading requirements in its motion, it is my prerogative to do so *sua sponte*. *See MPC Containment Sys.*, 2006 WL 2331148, at *2 n. 1 (raising the application of Rule 9(b) *sua sponte*, "because specificity is required not only for adequate notice, but also in order for the court to address the sufficiency of the claims that fall within the context of misrepresentations made in commercial advertising or promotion").
>
> *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006); *See Merix Pharm.*, 2006 WL 1843370, at *2; *Scott v. GlaxoSmithKline Consumer Healthcare, L.P.,* No. 05–C–3004, 2006 WL 952032, at *3 (N.D.Ill. Apr. 12, 2006).[11]

---

[10] Courts are divided on the issue of whether Rule 9(b) applies to Lanham Act claims that are grounded in fraud. *See Nestle Purina PetCare Co. v. Blue Buffalo Co*., No. 4:14 CV 859 RWS, 2015 WL 1782661, at *8 (E.D. Mo. Apr. 20, 2015) (noting that "there is a split in authority over whether 9(b) applies to Lanham Act claims that are grounded in fraud"); compare *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) ("Claims that allege ... false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)."), with *John P. Villano Inc. v. CBS, Inc*., 176 F.R.D. 130, 131 (S.D. N.Y. 1997) ("[A] claim of false advertising under [the Lanham Act] falls outside the ambit of Rule 9(b) and may not be subject of any heightened pleading requirement").*N. Bottling Co. v. Henry's Foods, Inc.*, 474 F. Supp. 3d 1016, 1028 (D.N.D. 2020) ( which case applied Rule 9(b)'s heightened pleading standards).

[11] The actual 5th Circuit has not directly ruled on the issue. *See TEMPUR–PEDIC INT'L INC. v. ANGEL BEDS LLC*, 902 F.Supp.2d 958, 965 (S.D.Tex. 2012).

37.     Rule 9(b) requires Plaintiff to plead all the circumstances of the Lanham claim in detail. This includes "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990). These heightened pleading requirements "force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999). This ensures that the claim is "responsible and supported, rather than defamatory and extortionate." *Id.* In sum, Defendants urge that Plaintiff's Lanham Act claims are subject to the heightened pleading requirements of Rule 9(b) and should be analyzed accordingly.

38.     Defendants argue that the claims in Plaintiff's Original Complaint also fail to meet the pleading requirements set forth in Fed.R.Civ.P. 8(a). Under Rule 8, Plaintiff is required to provide Defendants with notice of Plaintiff's claims and the grounds upon which those claims rest. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Plaintiff's drafting is less than model, and it is insufficient to meet the requirements set forth in Rule 8(a) for the various allegations do not state facts plausible to support the elements of any given alleged cause of action.

39.     Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A pleaded claim is plausible if the allegations in the complaint "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 116 (5th Cir. 2019).

40.     Under Rule 8, although facts properly alleged must be construed in favor of the plaintiff, a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusion." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *see also Iqbal*, 556 U.S. at 678 (court is not required to accept mere legal conclusions as true). Thus, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (allegations amounting to mere labels and conclusions or containing a formulaic recitation of the elements of the cause of action will not suffice). Courts are not required to accept as true allegations contradicted by documents attached to in the complaint. *Simmons v. Peavy-Welsh Lumber Co*., 113 F.2d 812 (5th Cir. 1940), a in the instant case where under Plaintiff Exhibit J, Plaintiff admits that D Vine' business is "Delivering Performance-Based Solutions…" In other words, are not

sellers of Needlepoint Bipolar Ionization (NPBI) and are consultants and not competitors of Plaintiff.

41.     In this case, the Court should find Plaintiff has failed to sufficiently plead actual or likely injury as to all Plaintiff's claims even under the standards of Rule 8(a)(2). *See NATIONAL TRAVEL SYSTEMS, L.P. v. SHORTS TRAVEL MANAGEMENT, INC.*, 2010 WL 11601990 (W.D. Texas, Austin Division 2010). In *National* the District Court found plaintiff had not sufficiently pleaded actual or likely injury from defendant's alleged misrepresentations, and the Court dismissed plaintiff's Lanham Act claim without prejudice to refiling. The court also dismissed the plaintiff's claims of prospective interference for failure to allege "independently tortious or unlawful" conduct, which is also true in the present case and the Complaint was dismissed without prejudice.

## XI.   PRAYER

42.     Defendants pray that this Court grants their Motion to Dismiss pursuant to 12(b)(6) and dismiss Plaintiff's claims asserted against Defendants, and for any and all other relief to which they have shown themselves justly entitled.

Respectfully Submitted,

THE ESSMYER LAW FIRM

*/s/ Michael M. Essmyer, Sr.*
MICHAEL M. ESSMYER, Sr.
State Bar No. 06672400

27

messmyer@essmyerlaw.com
5111 Center Street
Houston, Texas 77007
(713) 898-1320  Cell
(713) 869-1155 Telephone
(713) 869-8659 Facsimile

The Law Office of Paul M. Sullivan, PLLC

*/s/ Paul M. Sullivan*
Paul Sullivan
State Bar No. 24102546
paul.sullivan@psullivanlawfirm.com
5111 Center St.
Houston, Texas 77007
(713) 869-1155 Telephone
(281) 783-2220 Fax
*Pro hac vice* application pending

Attorneys for D Zine Partners, LLC and
Marwa Zaatari

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has

been forwarded to all known counsel of record in accordance with the applicable

Federal Rules of Civil Procedure on this 30th day of April 2021.

McGuireWoods LLP
Justin Opitz
Matthew W. Cornelia
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Tel. 214-932-6400
Fax: 214-932-6499
jopitz@mcguirewoods.com
mcornelia@mcguirewoods.com

28

Robert A. Muckenfuss (pro hac vice)
Kelly A. Warlich (pro hac vice)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: 704-343-2000
Fax: 704-343-2300
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com

Lucy Jewett Wheatley (pro hac vice)
800 East Canal Street
Richmond, VA 23219
Tel: 804-775-4320
Fax: 804-698-2017
lwheatley@mcguirewoods.com

Counsel for Plaintiff, Global Plasma
Solutions, Inc.

*/s/ Michael M. Essmyer, Sr.*
Michael M. Essmyer, Sr.