IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00884-M |
| | § | |
| D ZINE PARTNERS LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants' Verified Application for Temporary Restraining Order and Injunctive Relief [ECF No. 22] and Appendix in Support [ECF No. 23]. Defendants D Zine Partners, LLC and Marwa Zaatari seek a temporary injunction restraining Plaintiff Global Plasma Solutions, Inc. from: (1) contacting individuals or organizations where Defendants have speaking engagements, (2) publicizing this lawsuit, (3) making defamatory or disparaging remarks, and (4) otherwise causing financial hardship to Defendants until further litigation has been completed. Because Defendants have not established that they are entitled to preliminary injunctive relief, the Application is DENIED.

**I.      Background**

On April 19, 2021, Plaintiff filed its Complaint. ECF No. 1. On April 30, 2021, Defendants moved to dismiss the Complaint. ECF No. 14. On May 21, 2021, Plaintiff filed its First Amended Complaint. ECF No. 21. On May 26, 2021, Defendants filed their Verified Application for Temporary Restraining Order and Injunctive Relief, which Defendants state is "made subject to and without waiver of Defendants' previously filed Motion to Dismiss[.]" ECF

No. 22. To date, Defendants have not filed an Answer to Plaintiff's Complaint or First Amended Complaint.

Plaintiff provides indoor air quality solutions for industrial, commercial, and residential buildings, utilizing Needlepoint Bipolar Ionization air purification technology (NPBI$^{TM}$), a patented technology that is described as cleaning the air by introducing ions in the space via the airflow in the ventilation system. ECF No. 21 at ¶¶ 2, 3. Plaintiff's First Amended Complaint alleges that Defendant Zaatari has engaged in a "meritless campaign to damage GPS's reputation and goodwill by spreading false, misleading, disparaging, and defamatory information about GPS and its products." *Id*. at ¶ 35. Zaatari is a partner at Defendant D Zine Partners, and Plaintiff alleges that Zaatari's goal is to drive current GPS customers toward D Zine and other competing companies with which Zaatari is involved or has pecuniary interests. *Id*. at ¶ 36. Plaintiff alleges that Defendants have engaged in federal false advertising, product disparagement and unfair competition, and Texas law defamation, business disparagement, tortious interference with prospective business, and unfair competition. *See id*.

Defendants argue in their Application that Plaintiff's lawsuit is a "flagrant slap suit"[1] and is intended to damage Zaatari's reputation. ECF No. 22 at ¶ 1. Defendants allege that Plaintiffs' lawsuit was brought to stifle Defendants' rights to free speech, petition, and/or association, and that Defendants will suffer immediate and irreparable injury if a TRO is not granted because Zaatari will continue to lose speaking engagements because of Plaintiffs' actions.

---

[1] The Court assumes that Defendants are referring to SLAPP, the commonly used acronym for a strategic lawsuit against public participation—abuse of defamation and similar causes of action to chill the defendant's participation in public controversies. *Cuba v. Pylant*, 814 F.3d 701, 704 n.1 (5th Cir. 2016). However, as Defendants allude to in their Application, the Fifth Circuit has held that the Texas Citizens Participation Act, an anti-SLAPP statute, does not apply in federal court. *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019).

## II.     Legal Standard

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief." *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, J.).  To be entitled to a TRO, a movant must establish the same four elements for obtaining a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury, which would occur if the injunction is denied, outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.  *Women's Med. Cir. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001); *Ladd v. Livingston*, 777 F.3d 286, 288–90 (5th Cir. 2015).  Preliminary injunctive relief is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."  *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

## III.    Analysis

First, Defendants have not alleged any counterclaim against Plaintiff, and therefore have no basis upon which to seek injunctive relief.[2]  "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (Lynn, C.J.), citing *Cook v. Wells Fargo Bank, N.A.,* 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex.App.-Houston [1st Dist.] 2008, no pet.)).  Given this, Defendants cannot show that they have a substantial likelihood of success on the merits of their claims.

---

[2] Defendants ask the Court to set its request for a permanent injunction for a full trial on the merits. Because Defendants have not alleged any counterclaims, and have no basis upon which to seek injunctive relief, the request is DENIED.

- 3 -

Second, even assuming that Defendants have stated a claim upon which injunctive relief could possibly be granted, the alleged facts do not show a substantial threat of an irreparable injury. Defendants vaguely allege the following with regard to irreparable injury: "[Plaintiff's] conduct is jeopardizing Defendants' reputation and good name, and if allowed to proceed, will continue to jeopardize D Zine business and Dr. Zaatari's career" and that if relief is not granted "there will be more speaking presentations canceled and loss of credibility in Dr. Zaatari's profession and future consulting relationships." ECF No. 22 at ¶¶ 29, 54. Mere loss of income and injury to reputation are insufficient grounds to support a finding of irreparable injury, *Sampson v. Murray*, 415 U.S. 61, 88 (1974), and courts have found that the loss of speaking engagements does not constitute irreparable injury, as that can be remedied by money damages. *See, e.g.*, *Cy Wakeman, Inc. v. Nicole Price Consulting, LLC*, 284 F. Supp. 3d 985, 994 (D. Neb. 2018).

In contrast, the loss of First Amendment freedoms, even for minimal periods of time, constitutes an irreparable injury. *Ingebretsen v. Jackson Public Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996). Defendants seek to restrict Plaintiff's First Amendment freedoms. Further, even if the alleged injury suffered by the Defendants cannot easily be remedied by damages, courts generally do not grant injunctive relief in defamation or business disparagement actions if the language at issue evokes no threat of danger to any person, as is the case here. *See, e.g., Brammer v. KB Home Lone Star, L.P.,* 114 S.W.3d 101, 107 (Tex.App.-Austin 2003, no pet.). In other words, as long as they do not threaten others, even defamatory statements are provided constitutional protection in most cases under Texas law. *See Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253, 255 (Tex. 1983) (dissolving temporary injunction as violative of article one, section eight of Texas Constitution); *Brammer*, 114 S.W.3d at 106-09 (modifying temporary

injunction to delete portions enjoining speech); *Markel v. World Flight, Inc.,* 938 S.W.2d 74, 79-81 (Tex.App.-San Antonio 1996, no writ) (holding temporary injunction an unconstitutional prior restraint on free expression).

The Court notes that Defendants waited eight days after sending a draft Application for Temporary Restraining Order to Plaintiff before filing it, which somewhat weighs against Defendants' claim of irreparable injury if a TRO is not granted. *See* ECF No. 22 at 20 (Certificate of Conference).

The Application does not establish either of the first two factors and the failure to prove any one element necessary for an injunction to issue is fatal to the request for relief. *See Lake Charles Diesel, Inc., v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003).

### IV.  Conclusion

For the reasons stated herein, Defendants' Verified Application for Temporary Restraining Order and Injunctive Relief [ECF No. 22] and their request for a hearing are DENIED.

**SO ORDERED**.

June 10, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE