IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00884-M |
| | § | |
| D ZINE PARTNERS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Fourth Motion to Dismiss, filed by Defendant D Zine Partners, LLC (ECF No. 67); the Fourth Motion to Dismiss, filed by Defendant Marwa Zaatari (ECF No. 68); and the Motion to Dismiss Third Amended Complaint, filed by Defendant enVerid Systems, Inc. (ECF No. 69). For the reasons discussed below, the Motions to Dismiss are DENIED.

**1.  Factual Background**

The following allegations come from the Plaintiff's Third Amended Complaint. (ECF No. 58). Plaintiff Global Plasma Solutions, Inc. ("GPS") is a company in the air purification industry, whose products are based on its Needlepoint Bipolar Ionization technology. Defendants D Zine and enVerid are allegedly its competitors. Defendant Marwa Zaatari was a partner in, and later an advisor to, enVerid, and is now a co-owner of D Zine.

GPS alleges that during the COVID-19 pandemic, it experienced an uptick in sales, and due to its growing stature in the air purification market, Zaatari, on behalf of enVerid and D Zine, engaged in a "smear campaign" to encourage potential customers not to use GPS's technology. Third Am. Compl. ¶¶ 60–62, 74. Between January 2015 and May 2020, when Zaatari was

1

enVerid's Vice President of Building Solutions, and after May 2020, when she became a member of its board of advisors, Zaatari allegedly "pursued a scorched earth agenda to take down GPS through unfair and deceptive tactics." *Id.* ¶¶ 3–4, 14, 70. GPS further claims that Zaatari, at the direction of, or with encouragement from enVerid, made false statements about GPS, advised consumers to "'stay away' from . . . 'ionic purifier + composite catalyst' and 'bi-polar' air purification systems—such as GPS's NPBTI$^{TM}$ air purification system." *Id.* ¶¶ 11, 75. GPS also alleges that D Zine promoted Zaatari's personal Twitter page and implied that it was "the official account of D Zine," thus adopting Zaatari's statements made on Twitter. *Id.* ¶ 90.

GPS further alleges Zaatari recruited other scientists to sign an open letter that raised questions about GPS and its technology without revealing her strategic relationship with enVerid, and that Zaatari persisted in criticizing the GPS technology, although she was informed by a "prominent scientist" that there were no valid safety concerns about GPS's technology. *Id.* ¶ 52. GPS alleges she did so in order to target GPS's school customers to discourage them from buying GPS's products. *Id.* ¶¶ 70, 82, 100–02.

GPS alleges federal claims of false advertising, product disparagement, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and state law claims for defamation, business disparagement, tortious interference, and common law unfair competition. Defendants seek to dismiss all claims against them. The Court will address in detail only one aspect of the Motions to Dismiss.

2. **Immunity Under the PREP Act**

Defendants first assert immunity from GPS's claims under the Public Readiness and Emergency Preparedness ("PREP") Act. 42 U.S.C. § 247d–6d. The PREP Act contains a broad grant of immunity from any suit "for loss[es] caused by, arising out of, relating to, or resulting

from the administration to or the use by an individual of a covered countermeasure," which generally relates to actions taken to prevent and remedy public health crises and national emergencies. *Id.* § 247d–6d(a)(1). However, these protections apply only if the Secretary of the Department of Health and Human Services makes a declaration through the Federal Register identifying, among other statutory requirements, a current or impending public health emergency and the covered countermeasures and class of individuals who are entitled to immunity. *Id.* § 247d–6d(a)(2)(B).

The PREP Act defines a covered countermeasure as either a "qualified pandemic or epidemic product," a "security countermeasure," a drug, biological product, or device authorized for emergency use under §§ 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act ("FDCA"), or a "respiratory protective device" approved by the National Institute for Occupational Safety and Health and that the Secretary prioritizes for use in a public health emergency. *Id.* § 247d–6d(i)(1). Under the PREP Act, a qualified pandemic or epidemic product must be approved or cleared under the FDCA, subject to an exemption under §§ 505(i) or 505(g) of the FDCA, or authorized for emergency use under §§ 564, 564A, or 564B of the FDCA. *Id.* § 247d–6d(i)(7)(B).

On March 17, 2020, the Secretary of Health and Human Services issued a declaration designating COVID-19 a "public health emergency . . . under the PREP Act." Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,198 (Mar. 17, 2020) ("Declaration").

Defendants argue that air purification devices are covered countermeasures under the PREP Act because they are designed to mitigate the spread of COVID-19, but Defendants do not

3

allege that GPS's filters are covered countermeasures under the PREP Act. Unless the case involves covered countermeasures, Defendants do not have immunity under the PREP Act.

D Zine alternatively argues that even if the GPS air purification systems are not covered countermeasures, the Court should find that PREP Act immunity applies to Defendants based on an Advisory Opinion issued by the Department of Health and Human Services. The Advisory Opinion states that PREP Act immunity applies if "the person reasonably could have believed that the person was a covered person, the person reasonably could have believed that the product was a covered countermeasure, and the person did not engage in willful misconduct that proximately caused serious physical injury or death." Advisory Opinion 20-04 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration Under the Act, at 2 (Oct. 22, 2020, as modified on Oct. 23, 2020).[1]

However, the Advisory Opinion on its face "does not have the force or effect of law," and is subject to supplement and modification. *Id.* at 7. Further, Defendants could not have reasonably believed that the proposed countermeasures at issue were covered under the PREP Act, because GPS clearly stated in its advertising that its devices were "not marketed as, nor cleared by the FDA as a medical device." Third Am. Compl. Ex. A (ECF No. 58-1), at 3. Therefore, the Advisory Opinion does not extend immunity to Defendants under the PREP Act.

Zaatari contends that the open letter and her consulting advice qualify as a countermeasure under the PREP Act because they "save[] lives and save[] critical COVID relief aid dollars that can be used to fund other countermeasures to the pandemic," and because the measures she advocates for in the letter, such as "properly sized and maintained ventilation, mechanical filtration, and germicidal ultraviolet light systems" are "proven measures for schools

---

[1] Published at https://www.hhs.gov/sites/default/files/advisory-opinion-20-04-hhs-ogc-public-readiness-emergency-preparedness-act.pdf

and other buildings." Zaatari Mot. (ECF No. 68) ¶¶ 11, 12. Zaatari does not contend that such proposed measures were approved as provided by the Act, and therefore, they are not covered countermeasures under the PREP Act.

Further, Zaatari has not shown she is a covered person entitled to claim immunity under the PREP Act. Covered persons include manufacturers, distributors, program planners, and qualified persons, and their officials, agents, and employees. 42 U.S.C. § 247d–6d(i)(2). The PREP Act defines a "qualified person" as "a licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the countermeasure was prescribed, administered, or dispensed." 42 U.S.C. § 247d–6d(i)(8).

Zaatari claims she is a qualified person because she holds a Ph.D. in Environmental and Water Resources Engineering, is a member of an epidemic response team "to help deploy technical resources to address the challenges of the current pandemic and future epidemics as it relates to the effects of heating, ventilation, and air-conditioning systems on disease transmission in healthcare facilities, the workplace, home, public and recreational environments," and is a member of other similar groups. Zaatari Mot. ¶ 10. However, she does not argue that the State of Texas authorized her to "prescribe, administer, or dispense" a covered countermeasure. *See* 42 U.S.C. § 247d-6d(i)(2). Nor does she claim to be a covered person for purposes of the COVID-19 pandemic, as described in the Secretary's Declaration of COVID-19 as a public health emergency under the PREP Act. *See* Declaration at 15,201–02.

For the reasons stated above, Defendants are not entitled to immunity under the PREP Act.

\* \* \*

Given the approaching deadline for dispositive motions, Plaintiff should be required to defend its claims based on its current pleadings, and the Court will resolve motions for summary judgment based on the evidence that supports or refutes them, in light of the applicable law. Accordingly, all of the pending Motions to Dismiss (ECF Nos. 67, 68, and 69) are **DENIED**.

**SO ORDERED**.

July 21, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE