**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLOBAL PLASMA SOLUTIONS, INC.,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Plaintiff,* | | |
| | | **CIVIL ACTION NO. 3:21-cv-00884-M** |
| v. | | |
| **D ZINE PARTNERS, LLC and MARWA ZAATARI, ENVERID SYSTEMS INC.,** | | |
| *Defendants.* | | |

**DEFENDANT ENVERID SYSTEMS INC.'S AMENDED MOTION TO STRIKE PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S UNTIMELY DISCLOSURES AND EXCLUDE TESTIMONY AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant enVerid Systems Inc. ("enVerid") files this Amended Motion to Strike Plaintiff Global Plasma Solutions, Inc.'s ("GPS") Untimely Disclosures and Exclude Testimony and Brief in Support.

**BACKGROUND**

1.       On June 30, 2021, GPS served its Rule 26(a)(1) Initial Disclosures. A true and correct copy of the Initial Disclosures are included in the appendix as Exhibit 1 (App'x 4-14).

2.       On June 24, 2022, the final day of discovery in this matter, GPS served its First Amended Rule 26(a)(1)(A) Initial Disclosures ("Amended Disclosures"). A true and correct copy of the Amended Disclosures are included in the appendix as Exhibit 2 (App'x 15-34).

3.       GPS's Amended Disclosures added seventeen (17) new individuals or entities to its

list of individuals likely to have discoverable information—*i.e.* potential witnesses.[1] These individuals include:

- Faramarz Farahi – GPS Employee

- Scott Gugenheim – GPS employee

- Todd Beeler – GPS employee

- Tim Boyd – GPS employee

- Erica Admire – GPS employee

- Corporate Representative and/or records custodian of Carrier

- Chris Opie – Carrier Corporation

- Kevin Brabon – Mingledorff's

- Chris Pedecine – D&B Building Solutions

- Randolph Davis – Service Logic

- Jim Mangini – Hoffman and Hoffman

- Jon Fruetel – Mechanical Resource Group

- Alan Rosenberg – Top Product Innovations

- Doug Bergmann – Masters Building Solutions

- Corporate Representative and/or custodian of records of Innovative BioAnalysis

- Corporate Representative and/or custodian of records of Assured Bio Labs LLC[2]

- Corporate Representative and/or custodian of records of Intertek Testing Services

*Compare* Ex. 1, (App'x 6-11) *with* Ex. 2, (App'x 17-24).

---

[1] In addition to these seventeen individuals, GPS also added Yicheng Zeng to its list of individuals with discoverable information. However, because Zeng has already been deposed in this matter, enVerid does not seek to strike her from the Amended Disclosures.

[2] Since the filing of enVerid's Original Motion to Strike, GPS has informed enVerid that Assured Bio Labs, LLC will not be a witness or testify in this litigation.

4. GPS's Amended Disclosures add five additional GPS employees to a list of previously disclosed employees. *See* Ex. 2, (App'x 17). It is axiomatic that GPS knew of its employees well before their untimely disclosure.

5. As for the corporate representative of Carrier Corporation and Chris Opie of Carrier Corporation, GPS states these individuals have:

> [k]nowledge regarding the disparaging and defamatory statements made by Defendants about GPS and its technology, the volume of business GPS conducted with Carrier, as well as the damages GPS incurred as result of the cancellation of the contract between Carrier and GPS.

Ex. 2, (App'x 21).

6. Carrier and GPS entered into a mutual agreement to terminate a Carrier-GPS contract on April 28, 2021. *See* Exhibit 3, Carrier Termination Letter (App'x 36). Thus, GPS knew of the Carrier witnesses for two months prior to the Initial Disclosures and more than a year prior to their untimely disclosure.

7. As for other non-GPS employees, GPS states these individuals have:

> [k]nowledge regarding the disparaging and defamatory statements made by Defendants about GPS and its technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions.

Ex. 2, p. 6-8 (App'x 22-23).

8. The last statement GPS alleges it seeks damages for is dated November 3, 2021. *See* Exhibit 4, GPS Retraction Letter, (App'x 66). Therefore, giving GPS the fullest benefit of the doubt, GPS knew of these witnesses for more than seven months prior to their untimely disclosure.

9. Finally, as for the two newly disclosed laboratories, Innovative BioAnalysis and Intertek Testing Services, GPS states these individuals have:

> [k]nowledge regarding the tests that were performed on GPS's NPBI technology, that the testing records are authentic, and all testing of GPS's NPBI$^{TM}$ technology

was carried out scientifically.

Ex. 2, (App'x 23).

10.    GPS makes similar allegations in its Original Complaint filed on April 19, 2021. [Doc. 1, ¶ 24]. Thus, GPS knew of these witnesses prior to serving their Initial Disclosures and more than a year prior to their untimely disclosure.

11.    None of these newly disclosed individuals have been deposed and discovery in this matter is closed.

12.    Pursuant to the Court's July 15, 2022 Order [Doc. 187], the parties' dispositive motions and objections to experts were due on August 8, 2022.

13.    Indeed, GPS's Response in Opposition to enVerid's Motion for Summary Judgment attempts to use two affidavits from the list of withheld disclosures. *See* [Doc. 289-290]. Neither of these individuals were deposed.

14.    Trial in this matter is currently scheduled for November 28, 2022. [Doc. 119].

15.    GPS's untimely disclosure of these seventeen witnesses severely prejudices enVerid and all Defendants in this matter by preventing them from being able to conduct adequate discovery, send subpoenas, prepare for and take depositions of these witnesses, or prepare for such witnesses at trial.

16.    In an attempt to alleviate this prejudice, on July 1, 2022, enVerid sent correspondence to GPS explaining the prejudicial and harmful effect of these late disclosures and asking GPS to confirm they would not call these newly disclosed individuals at trial nor use affidavits from such individuals. A true and correct copy of the July 1, 2022 correspondence is included in the appendix as Exhibit 5 (App'x 70-71). GPS did not respond.

17.    With no response from GPS, on July 7, 2022, after another deposition in this case,

enVerid's counsel discussed these late disclosures with counsel for GPS. GPS confirmed they would not agree to refrain from calling these witnesses at trial or using affidavits from such individuals. Thus, enVerid is forced to file this motion.

18.     Given the history of the discovery disputes in this case (which are still unresolved) and the time left before trial, additional time for discovery will not alleviate the prejudice caused be these late disclosures.

19.     Consequently, enVerid requests the Court strike the seventeen above listed fact witnesses untimely disclosed by GPS and exclude them from testifying at trial or any other hearing in this matter.

## ARGUMENTS AND AUTHORITIES

### A. The seventeen newly disclosed witnesses should be excluded.

20.     GPS had an affirmative obligation to timely disclosure and/or supplement their disclosures with all witnesses they intended to rely for a motion, at a hearing, or at trial.

> A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing or (B) as ordered by the court.

Fed. R. Civ. P. 26(e). Importantly, supplementation should not be used to provide information that should have been included in the original disclosure or response. *See Sierra Club v. Cedar Point Oil and Co*., 73 F.3d 546, 571 (5th Cir. 1996). Further, supplementation of disclosures made under Rule 26(a) must be made at appropriate intervals, and information should not be held until the end of discovery. *Havenfield Corp. v. H & R Block, Inc*., 509 F.2d 1263, 1272 (8th Circuit 1975) (waiting two and a half months until the close of discovery and another five to six weeks before

supplementing was clearly not timely).

21.    Rule 37(c)(1) precludes a party from using witnesses or information that were not timely provided pursuant to Rule 26, unless the failure to do so was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see JMC Constr. LP v. Modular Space Corp.*, No. 3:07-CV-01925-B, 2008 WL 11425650, at *3 (N.D. Tex. Oct. 28, 2008) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)) ("The 'sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'"). "The disclosing (or late disclosing) party bears the burden of proving the failure to timely disclose was substantially justified or harmless." *Drechsel v. Liberty Mut. Ins. Co.*, No. 3:14-CV-162-M-BN, 2015 WL 7067793, at *2 (N.D. Tex. Nov. 12, 2015). Additionally, Rule 16 "authorizes the district court to control and expedite pretrial discovery through a scheduling order." Fed. R. Civ. P. 16; *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). As such, the Fifth Circuit "gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order'" and the authority to impose sanctions for untimely disclosures. *Geiserman*, 893 F.2d at 790.

22.    In determining whether to strike witnesses as a result of a failure to properly disclose them, a court should consider four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.* at 791.

### 1. *There is no explanation for GPS's late disclosures.*

23.    GPS provides no explanation for its late disclosures. Moreover, there simply is no explanation for the failure to disclose seventeen individuals with discoverable information seven months to over one year after GPS knew such individuals may have relevant knowledge and on the last day of the discovery period.

27800856v4 96640.002.00

24.    As set forth above, the untimely disclosures consist of GPS employees, Carrier Corporation, representatives of other corporations, and representatives from labs. *See* Ex. 2 (App'x 17-23). It is axiomatic that GPS knew of its employees and had control over them prior to filing its lawsuit, let alone its June 2021 Initial Disclosures. Thus, there is no excuse for failing to disclose these individuals until over a year later. *See Sierra Club*, 73 F.3d at 571.

25.    Similarly, GPS states that the Carrier Corporation witnesses will testify regarding the mutual termination of Carrier's contract with GPS. That mutual termination occurred on April 28, 2021, prior to GPS's June 2021 Initial Disclosures. *See* Ex. 3 (App'x 36). Thus, there is no excuse for failing to disclose these individuals until over a year later, on the day discovery closed. *See Sierra Club*, 73 F.3d at 571; *Havenfield Corp.,* 509 F.2d at 1272.

26.    Likewise, in GPS's April 19, 2021 Original Complaint, GPS alleges that it "prominently displays the results of tests by independents [sic.] labs of its NPBITM technology on its website, including sensitivity testing, simulation testing, specialty testing and field testing" and attaches as Exhibit A to the Complaint, a copy of the independent testing section of GPS's website. [Doc. 1, ¶ 24]. Thus, GPS knew that labs that had performed testing on its products may have discoverable information related to this case and there is no excuse from withholding their disclosure from its Initial Disclosures let alone not disclosing them for over a year later, on the day discovery closed. *See Sierra Club*, 73 F.3d at 571; *Havenfield Corp.,* 509 F.2d at 1272.

27.    Finally, GPS discloses a host of individuals with knowledge regarding Defendants' alleged defamatory statements and GPS's lost customers. Ex. 2 (App'x 21-23). According to GPS's allegations, such statements were made as early as January 2021 and as late as November 2021. [Doc. 58], Third Am. Compl. at ¶ 62; Ex. 4, Retraction Letter, (App'x 66). Thus, even giving GPS the fullest benefit of the doubt, GPS knew these witnesses should have been disclosed at least

27800856v4 96640.002.00

seven months before actual disclosure. There is no excuse for such delay. *See Havenfield Corp.,* 509 F.2d at 1272.

### 2. *The importance of the untimely disclosed witnesses is questionable.*

28.     The importance of the seventeen untimely disclosed witnesses is not apparent given the generic descriptions of their knowledge and the length of delay for their disclosure. Considering GPS knew the identity of all these witnesses at least seven months prior to their disclosure, including prior to filing its lawsuit and serving its Initial Disclosures, but made no effort to timely supplement its disclosures until the discovery deadline, the importance of these witnesses is questionable at best.

### 3. *enVerid is substantially prejudiced by these late disclosures.*

29.     Even when evidence or testimony may be important to a party, courts exclude witnesses for untimely disclosure where the prejudice to the other party is high and results from the disclosure of several witnesses shortly before trial and after the close of discovery. *See Guerrero Mendoza v. A&A Landscape & Irrigation, LP*, No. 4:12-CV-562, 2014 WL 12884093, at *3 (E.D. Tex. Nov. 18, 2014); *See Kelly-Fleming v. City of Selma, Tex.*, No. SA-10-CV-675-XR, 2013 WL 6002223, at *1 (W.D. Tex. Nov. 12, 2013) (finding that allowing the testimony of late disclosed witnesses where failure to disclose precluded party from taking depositions would not be harmless).

30.     The discovery disputes in this case are well documented and still remain unresolved as enVerid has yet to receive proper discovery responses or production from GPS despite the Court's June 15, 2022 Order. [Doc. 149]. Despite rounds of discovery and enVerid's efforts to get relevant information from GPS regarding its own allegations, GPS has now prevented enVerid from seeking information from or deposing these witnesses, using information from these

witnesses for summary judgment arguments, and from being able to prepare for their testimony at trial by failing to disclose seventeen fact witnesses until the day discovery closed.

### 4. Further delay of this litigation will prejudice Defendants.

31. While a continuance is "the preferred means of dealing with a party's attempt to designate a witness out of time or offer new evidence," disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to weigh in favor of the exclusion of testimony. *Aguirre v. S&B Engineers & Constructors, Ltd.,* 2014 WL 12906441, at *5 (E.D. Tex. July 28, 2014); *Santamaria v. Dallas Indep. Sch. Dist*., 2006 WL 8436985, at *2 (N.D. Tex. Aug. 3, 2006). Moreover, the possibility of continuance must be counterbalanced by the additional delay and increased expense that would result. *Santamaria,* 2006 WL 8436985 at *2.

32. This trial has already been reset once. [Doc. 119]. Additionally, pursuant to the Court's Scheduling Order [Doc. 119], enVerid has already filed its Motion for Summary Judgment without the benefit of discovery or deposition testimony from the newly disclosed witnesses and is well on its way to preparing for the upcoming November trial. Thus, a continuance of this matter would severely prejudice enVerid by costing it more unnecessary litigation expenses and delaying the current trial setting.

### CONCLUSION

33. For the reasons set forth above, the seventeen fact witnesses GPS failed to disclose until the last day of discovery should be stricken and their testimony not allowed for motions, hearings, or at trial. GPS's failure to comply with their affirmative duty to disclose these witnesses severely prejudices enVerid and all other Defendants in this case and cannot be allowed.

### PRAYER

WHEREFORE, Defendant enVerid Systems Inc. respectfully requests that the Court strike

the following fact witnesses and the disclosures related thereto:

1. Faramarz Farahi – GPS Employee

2. Scott Gugenheim – GPS employee

3. Todd Beeler – GPS employee

4. Tim Boyd – GPS employee

5. Erica Admire – GPS employee

6. Corporate Representative and/or records custodian of Carrier

7. Chris Opie – Carrier Corporation

8. Kevin Brabon – Mingledorff's

9. Chris Pedecine – D&B Building Solutions

10. Randolph Davis – Service Logic

11. Jim Mangini – Hoffman and Hoffman

12. Jon Fruetel – Mechanical Resource Group

13. Alan Rosenberg – Top Product Innovations

14. Doug Bergmann – Masters Building Solutions

15. Corporate Representative and/or custodian of records of Innovative BioAnalysis

16. Corporate Representative and/or custodian of records of Assured Bio Labs LLC

17. Corporate Representative and/or custodian of records of Intertek Testing Services

enVerid further requests that the Court award enVerid any other relief of which it may be entitled.

Dated: September 14, 2022

Respectfully submitted,

*/s/ Kendal B. Reed*
Aaron Z. Tobin

Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Leah K. Lanier
Texas Bar No. 24080068
llanier@condontobin.com
**CONDON TOBIN SLADEK THORNTON
NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile:  (214) 691-6311

***ATTORNEYS FOR DEFENDANT ENVERID
SYSTEMS, INC.***

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff on the issues presented in this motion

via correspondence and in person as set forth above and Plaintiff is opposed to the relief sought.

*/s/ Kendal B. Reed*
Kendal B. Reed

## CERTIFICATE OF SERVICE

It is hereby certified that on September 14, 2022, a copy of the foregoing was served

through the Court's electronic filing system as to all parties who have entered an appearance in

this proceeding.

*/s/ Kendal B. Reed*
KENDAL B. REED

27800856v4 96640.002.00