**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLOBAL PLASMA SOLUTIONS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:21-CV-00884-M** |
| | § | |
| **D ZINE PARTNERS LLC,** | § | |
| **MARWA ZAATARI, and** | § | |
| **ENVERID SYSTEMS, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANTS D ZINE PARTNERS, LLC'S AND DR. MARWA ZAATARI'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT**
**PLAINTIFF'S THIRD AMENDED COMPLAINT [DKT. 58]**

---

Defendants D Zine Partners, LLC ("D Zine") and Marwa Zaatari ("Dr. Zaatari") (collectively, "Defendants") file this Response to Plaintiff's Motion for Leave to Supplement Plaintiff's Third Amended Complaint [Doc. 337], and in support thereof would state as follows:

**I.**
**SUMMARY OF DEFENDANT'S RESPONSE**

1.      On September 29, 2022, Plaintiff Global Plasma Solutions, Inc. filed its Motion for Leave to File Plaintiff's Supplement to Plaintiff's Third Amended Complaint ("Plaintiff's Motion") [Doc. 337] and Plaintiff's Draft Supplement to Plaintiff's Third Amended Complaint filed pursuant to Federal Rule of Civil Procedure 15(d) [Doc. 337-1].

2.      Plaintiff's Motion was filed on September 29, 2022.  The pre-trial conference in this matter is set for November 14, 2022, at 4:00 p.m. and the trial in this matter is set on the three-week jury docket beginning November 28, 2022.  Plaintiff's Motion seeks to add new supplemental defamation and business disparaging claims against Dr. Marwa Zaatari for recent statements made

by her on Go-Fund-Me about the claims made against her in this lawsuit by Plaintiff. Plaintiff's

Motion should be denied because Defendants will be unduly prejudiced if Plaintiff's Motion is

granted with trial less than 45 days away and with Defendants not being afforded any time to

conduct discovery and prepare a defense against Plaintiff's supplemental claims and any new

claims of damages.

3.      Further, Plaintiff's Motion should be denied, because it is futile where Plaintiff cannot

identify and has to date not identified one customer that it purportedly has lost because of any

statement made by Dr. Zaatari on Go-Fund-Me.  For these reasons, Plaintiff's Motion should be

denied in its entirety.

## II.
## PLAINTIFF'S PROPOSED SUPPLEMENT IS REPLETE WITH BLANTANT MISREPRESENTATION OF FACTS

4.      **FACTUALLY INCORRECT STATEMENT # 1 FROM GPS AND GPS'S**

**ATTORNEYS:** Plaintiff's Supplement to Third Amended Complaint ("Supplement") [Doc. 337-

1] is written by the Law Firm of McGuire Woods and signed by Robert Muckenfuss ("GPS

Attorneys") and is presumably approved by GPS.  Plaintiff's Motion should not even get out of

the starting gate and should be denied, because Plaintiff's Supplement is replete with fabrications.

In paragraph 2 of Plaintiff's proposed Plaintiff's Supplement to Third Amended Complaint

("Supplement"), GPS alleges that "The governing society in the indoor air quality market,

American Society of Heating, Refrigerating and Air-Conditioning Engineers ("ASHRAE") has

even instructed Zaatari to stop making misleading misrepresentations to the public regarding her

involvement with ASHRAE."  *See* Plaintiff's Supplement at ¶2 [Doc. 337-1].    That statement

made by GPS and GPS's Attorneys is a fabrication of the truth. GPS did not provide supporting

evidence to their statement because it is factually incorrect.

5.     **FACTUALLY INCORRECT STATEMENT # 2 FROM GPS AND GPS'S ATTORNEYS:** GPS and the McGuireWoods Law Firm and Robert Muckenfuss allege in Plaintiff's Supplement that Zaatari has further misled the public by failing to disclose her large income from a hidden investor of D Zine. *See* Supplement at ¶10. This statement is factually incorrect and is misleading for several reasons. First, one can only surmise that GPS does not believe that a woman should earn market wages and equity in a company that man would earn for the same education, experience, and position even though Dr. Zaatari graduated at the top of her class and received a PhD degree from the University of Texas, Austin. Second, D Zine's investors were disclosed in discovery. D Zine, which is a private company, at no point of time hid its investors from GPS. Secondly, Dr. Zaatari has not received large income from any investor of D Zine. In fact, her family has spent her life savings and has needed to raise funds on Go-Fund-Me to pay for her defense fees and costs in this suit.

6.     The absurdity of this misrepresentation of facts gets bigger and bigger when you realize that GPS and GPS's Attorneys absolutely know the amount of income Dr. Zaatari actually has made over the last few years and what expected amount of litigation fees and costs GPS has forced Dr. Zaatari to bear to defend herself in this suit over the last two years; when GPS and GPS's Attorneys know as a matter of fact that Dr. Zaatari's earning pales in comparison to the tens of millions of dollars a single GPS sales managers got paid during the Covid emergency to peddle ionizer devices that are not proven to be safe or effective in the middle of a deadly pandemic.

7.     Defendants look forward to exposing the truth behind GPS's products. GPS dumped 160,000 pages of documents two months after discovery deadline hoping that Defendants would not have the financial wherewithal and time to go through the documents. Fortunately, Dr. Zaatari

was still able to piece together the puzzle identifying the fact that GPS hid test results from the public that reaffirms that GPS products are not proven safe or effective.

8.      Dr. Zaatari will also be seeking permission from the Court to allow media to televise parts of the trial as a matter of public interest to learn the truth about GPS's NPBI$^{TM}$ technology effectiveness and safety.

9.      **FACTUALLY INCORRECT STATEMENT # 3 FROM GPS AND GPS'S ATTORNEYS:**  In paragraph 12 of Plaintiff's Supplement, GPS and GPS Attorneys state that "Zaatari's outrageous allegations that GPS employees "viciously" said to her "just go home" and "go back to your home country" "numerous times" are inconsistent with her prior sworn statements and belied by the documents produced in this lawsuit, including her own discovery responses and disclosures." *See* Supplement at ¶12 [Doc. 337-1].  That statement is factually incorrect. Dr. Zaatari's statement in the Go-Fund-Me was copied directly from her prior sworn Declaration that that was submitted to the Court.  Dr. Zaatari's declaration very clearly and unambiguously has the words "GPS," "numerous," and "just go home" in the same sentence. In Plaintiff's Reply Brief in Support of Plaintiff's Motion for Summary Judgment, GPS specifically, in fact, states that Dr. Zaatari has alleged the following actions by GPS to support her Intentional Infliction of Emotional Distress Claim: "Told Zaatari to just go home." *id.* ¶18." *See* Reply Brief at p. 13. [Doc. 326].

10.     The jury will get to determine whether the allegations are true or not from listening to testimony from the parties and reviewing documentary evidence confirming GPS's strategy to Flex Their Muscle" and be hard against Dr. Zaatari to the point where other ASHRAE members had to walk Dr. Zaatari back to her hotel out of fear for her personal safety.

## III.
## ARGUMENT AND AUTHORITIES

### A.      General Legal Framework Governing this Motion

11.      Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend should be "freely given when justice so requires." In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, futility of the amendment, etc.—leave sought should be freely given.[1]

### B.      Plaintiff's Motion Should Be Denied Applying Legal Framework

12.      Leave to amend, however, is by no means automatic.[2] The above-captioned case is set for trial in this court on November 28, 2022. Defendants unquestionably suffer undue prejudice if Plaintiff's Motion is granted.  At some point, a claimant's delay can become procedurally fatal.[3]  To allow Plaintiff to supplement its Third Amended Complaint at this late hour would either delay the trial date or impose an undue burden upon the defendants to respond to the newly asserted allegations of defamation and business disparagement without any understanding, knowledge of, and/or evidence submitted by Plaintiff on the proximate cause and damage elements of this supplement.

13.      Indeed, Plaintiff has not supplemented its Rule 26(a) disclosures, Plaintiff's expert reports, Plaintiff's answers to interrogatories and/or Plaintiff's answers to requests for production of

---

[1] *See Am. Realty Tr., Inc. v. Matisse Partners, L.L.C*, No. CIV.A.3:00-CV-1801-G, 2002 WL 1489543, at *6 (N.D. Tex. July 10, 2002) (J. Fish) citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

[2] *See id* at *6 citing *Little v. Liquid Air Corporation,* 952 F.2d 841, 845–46 (5th Cir.1992).  *Little* was reheard *en banc,* but the *en banc* court endorsed the panel opinion on this point.

[3] *Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S. Ct. 69, 78 L.Ed.2d 83 (1983); *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir.1981).

documents so Defendants have absolutely no idea what specific Go-Fund-Me statements purportedly caused GPS damage; no idea what type of actually damage GPS claims it suffered as a result of each Go-Fund -Me statement; and no idea what amount of damages Plaintiff is claiming as a result of each purportedly defaming or disparaging statement made by Dr. Zaatari on Go-Fund-Me.

14.     Defendants will be unduly prejudiced if Plaintiff's Motion is granted at such a late junction where Defendants will not be able to do any discovery on these new claims before the trial scheduled to begin on November 28th to determine what facts supports and evidence support or refute each element of Plaintiff's new claims and they will not have sufficient time to obtain relevant documents and do discovery including taking depositions of Plaintiff witnesses and third party witnesses to prepare a defense in response to Plaintiff's new claims and to cross-examine witnesses on these new claims; and   they will not have not sufficient time to provide relevant information to testifying experts to address Plaintiff's new claims at trial.

15.     Secondly, Plaintiff's Motion should be denied because the Supplement would be futile.  Plaintiff cannot and does not even identify one customer that it has lost because of Dr. Zaatari's Go-Fun-Me Statements, or any damage proximately caused by Dr. Zaatari's Go-Fund-Me Statements -let alone does Plaintiff submit evidence supporting any new damage based on Dr. Zaatari's new statements. For this reason, Plaintiff's Motion should be denied in its entirety.

16.     WHEREFORE, PREMISES CONSIDERED, Defendants D Zine Partners, LLC and Marwa Zaatari respectfully submits that Plaintiff Global Plasma Solution, Inc.'s Motion For Leave to Supplement Plaintiff's Third Amended Complaint [Dkt. 58] should be denied in its entirety.

Dated: October 20, 2022   Respectfully submitted,

*/s/ Bart F. Higgins*
James D. Shields, SBN: 18260400
Bart F. Higgins, SBN: 24058303
David A. Shields, SBN: 24083838
**SHIELDS LEGAL GROUP, P.C.**
16400 Dallas Parkway, Suite 300
Dallas, Texas 75248
Tel: (972) 788-2040
Fax: (972) 788-4332
jsheilds@shieldslegal.com
bhiggins@shieldslegal.com
dshields@shieldslegal.com

**ATTORNEYS FOR DEFENDANT
MARWA ZAATARI AND
D ZINE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

It is hereby certified that on October 20, 2022, a copy of the foregoing was served through the Court's electronic filing system as to all parties who have entered an appearance in this proceeding.

*/s/ Bart F. Higgins*
Bart F. Higgins