IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:21-CV-884-M |
| | § | |
| D ZINE PARTNERS, LLC, et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions:

1. *Defendants D Zine Partners, LLC and Marw Zaatari's Corrected Emergency Motion to Compel Complete Discovery Responses, Production of Documents, and Further Depositions*, filed August 15, 2022 (doc. 247) *(*original motion referred August 15, 2022 (doc. 244));

2. *Plaintiff's Motion for Enforcement of the Court's Protective Order and for Sanctions as to Marwa Zaatari and her Counsel*, filed August 16, 2022 (doc. 248), referred August 23, 2022 (doc. 255);

3. *Defendant D Zine Partners, LLC and Marwa Zaatari's Emergency Motion to Extend Discovery Deadline for Only Five Specific Limited Purposes Under the Express Condition that the Pretrial Deadlines, Pretrial Conference Date, and Trial Date are not Continued*, filed August 29, 2022 (doc. 259), referred September 8, 2022 (doc. 301); and

4. *Defendants D Zine Partners, LLC and Marw Zaatari's Emergency Motion to Compel Complete Discovery Responses, Production of Documents, and Motion for Sanctions*, filed October 27, 2022 (doc. 367), referred August 15, 2022 (doc. 273))

Based on the relevant filings and applicable law, and for the reasons stated on the record, the motions are **DENIED** as untimely.

### I.

Contending that the defendants had engaged in a campaign to disparage its air purification technology, the plaintiff suit on April 19, 2021, asserting federal claims for false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and state law claims for defamation, business disparagement, tortious interference, and common law unfair competition. (*See* doc. 1.) The

scheduling order entered on June 21, 2021, expressly stated:

> By January 31, 2022, all fact and expert discovery shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) prompt written notice of the extension is given to the Court. A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions.

(*See* doc. 31 at 3-4.) By order dated November 1, 2021, the deadline for completion of discovery was extended until April 1, 2022. (*See* doc. 66.) An amended scheduling order entered on March 29, 2022, again extended the discovery deadline, until June 24, 2022. (*See* doc. 119.) It also set a deadline of July 18, 2022, for filing dispositive motions, and a trial date of November 28, 2022. (*See id.*)

Since the inception of this case, the parties have filed approximately 20 discovery motions, (*see* docs. 44, 45, 79, 98, 105, 107, 123, 135, 152, 153, 154, 155, 164, 168, 174, 242, 247, 248, 259, 367), although several were resolved after the parties were ordered to meet and confer face-to-face, (*see* docs. 61, 116, 202, 203, 204, 205). The four motions at issue were all filed well after the twice-extended discovery deadline expired on June 24, 2022. (*See* docs. 247, 248, 259, 367.) On August 18, 2022, before three of those motions were filed, one of the discovery motions was expressly denied as untimely based on the expiration of the discovery deadline. (*See* doc. 254.) During the hearing on that motion, the relevant factors for determining whether the untimely motion should be considered were specifically addressed. (*See* doc. 371 at 8-9.) It was expressly noted that both sides were trying to conduct discovery after the expiration of the deadline while opposing the other side's efforts to also conduct discovery after the deadline. (*See id.* at 10.) It was also noted that neither side had requested an extension of the discovery deadline in order to complete discovery, and that an extension would allow both sides to conduct follow-up discovery or seek to enforce prior orders. (*See id.* at 10-11, 19-

2

20.) The parties were specifically advised that application of the deadlines would be the same for both sides. (*See id.* at 19-20.)

In the current motions, each side again contends that it should be allowed to proceed with untimely discovery motions based on misconduct by the other side, but opposes consideration of the other side's untimely discovery motions. (*See* doc. 259 at 5-6, 19-25; doc. 261 at 9-12, 27-30; doc. 296 at 12-16, 27-30; doc. 367.) The parties appear to concede that if discovery had been taken earlier, follow-up discovery could have been conducted timely. (*See* doc. 261 at 9-12, 27-30; doc. 296 at 12-16, 27-30.) The defendants also seek a limited extension to time to complete their discovery only, and they are "vehemently opposed to any continuance". (*See* doc. 259 at 5-6; doc. 261 at 12.)

**II.**

Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides no deadline for the filing of discovery motions. *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 396 (N.D. Tex. 2006). Rule 16(b), however, provides that courts shall, in appropriate cases, issue scheduling orders limiting the time for joining parties and amending pleadings, filing motions, *completing discovery*, modifying the disclosure deadlines, trial matters, and any other appropriate matters. *Id.* Where a scheduling order establishes a date for the completion of discovery, a party is generally required to obtain all necessary discovery by that date. *See id.* at 398.

As expressly noted by the United States Court of Appeals for the Fifth Circuit, its "precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline—regardless of the requested discovery's value to the party's case." *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n. 4 (5th Cir. 2015). *McCollum* cited *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir.1992), which found that the district court had

3

not abused its discretion when it denied the plaintiff's request to conduct potentially dispositive discovery despite its importance, "given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [the plaintiff's] failure to request [discovery] earlier". *See id. McCollum* also cited *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 348 (5th Cir. 2008), which found no abuse of discretion in the denial of a motion to compel discovery filed on the day of the discovery deadline after an extensive discovery period. *See id.* Finally, it cited *Days Inn*, 237 F.R.D. at 398-99, which noted that courts generally did not consider the relevance and importance of discovery in deciding whether to consider an untimely motion, and that both were inconsistent with a delay in seeking the discovery. *See id.; see also Spencer v. FEI, Incorporated*, 725 F. App'x 263, 266 (5th Cir. 2018) (finding that the district court did not abuse its discretion in denying a motion to compel given the imminence of trial, the impending discovery deadline, and the failure to make an earlier request for discovery); *Dixon v. Henderson*, 186 F.App'x 426, 429 (5th Cir. 2006) (finding that the district court did not abuse its discretion by denying discovery motions in order enforce its scheduling order).

When a discovery motion is filed after the discovery deadline, courts have considered a number of factors in determining whether the motion is untimely and/or should be permitted. *See Days Inn Worldwide, Inc.,* 237 F.R.D. at 398. These factors include (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule. *Id.*

Regarding the first factor, the motions were filed two to three months after the discovery deadline expired on June 24, 2022. Each side alleges that the other side has known about the discovery

4

at issue for some time, which is the second factor, and each side contends that it has only recently learned about the discovery.  As for the third factor, the June 24, 2022 discovery deadline represents the second extension.  Although the parties allege misconduct by the other side, neither has satisfactorily explained its tardiness in seeking the discovery, or why it could not have begun discovery earlier in order to ensure completion by the deadline, in order to satisfy the fourt factor.  As noted in *Days Inn*, "'[i]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril.'"  237 F.R.D. at 399 (quoting *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001), and also citing *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (finding failure to promptly enforce discovery rights constituted a waiver of such rights)(citing *Choate v. National Railroad Passenger Corp.*, 132 F. Supp. 2d 569 (E.D. Mich. 2001)); 8 A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (2d ed.1994) (generally, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely)). The dispositive motion deadline has elapsed in this nineteen-month-old case, and dispositive motions have been filed and are pending, so the fifth and sixth factors also weigh against late consideration. Although the parties contend that there is no prejudice to the other side from consideration of the late-filed motions because of its misconduct, both sides are now preparing to file their pretrial materials in a few days, and conducting discovery at this stage would impede their trial preparation, which is the seventh factor.  Finally, as to the eighth factor, the defendants contend that there will be no disruption to the court's trial schedule as long as their motions were quickly considered and granted. This fails to take into consideration the disruption to the court's schedule in

having to prioritize and consider their late-filed motions, prioritize and consider any resulting proposed amendments to the pending dispositive motions, and prioritize and determine the many pending motions and dispositive motions in order to maintain the trial date and pretrial deadline.

On balance, the eight factors weigh in favor of disallowing both sides' motions as untimely, especially in light of the express admonitions at the August 18, 2022 hearing regarding the expiration of the discovery deadline and the amount of competing discovery that the parties were seeking. The parties nevertheless elected to keep the current scheduling order, and they should not be heard to complain about its enforcement.

### III.

In conclusion, the parties have not shown that their late-filed discovery motions should be allowed, and they are denied as untimely.

**SO ORDERED** on this 2nd day of November, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE