# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **GLOBAL PLASMA SOLUTIONS, INC.,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**D ZINE PARTNERS, LLC, MARWA ZAATARI, and ENVERID SYSTEMS, INC.,**<br><br>*Defendants.* | **CIVIL ACTION NO. 3:21-CV-00884-M** |

**PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S WITNESS LIST**

Pursuant to the Court's June 21, 2021 and March 29, 2022 Scheduling Orders [Dkt. Nos. 31 and 119] (the "Orders"), Plaintiff Global Plasma Solutions, Inc. ("GPS") hereby provides a list of witnesses who may be called in its case in chief. This witness list contains a brief narrative summary of the testimony to be elicited from each witness, states whether the witness has been deposed, and whether the witness's testimony at trial is "probable," "possible," "expert," or "record custodian" as required by the Orders. GPS also reserves the right to call anyone appearing on Defendants' witness lists, and to supplement and/or amend this list as necessary should the scope of the following witness's testimony be enlarged or narrowed by the Court or otherwise.

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| Erica Admire | Ms. Admire's testimony relates to the facts asserted in GPS's Third Amended Complaint, including but not limited to advertising and types of advertising in the industry, GPS's advertising, marketing, social media presence, and outreach, and impact of Defendants' false statements on GPS's business.. | No | Possible |
| Todd Beeler | Mr. Beeler's testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's Needlepoint Bipolar Ionization (NPBI™) products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | No | Possible |
| Doug Bergmann | Mr. Bergmann's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |
| Tim Boyd | Mr. Boyd's testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's Needlepoint Bipolar Ionization (NPBI™) products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; | No | Possible |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | | |
| Scott Gugenheim | Mr. Gugenheim's testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's Needlepoint Bipolar Ionization (NPBI™) products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | No | Possible |
| Kevin Boyle | Mr. Boyle's testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's NPBI™ products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's | Yes | Probable |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | | |
| Glenn Brinckman | Mr. Brinckman's testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's NPBI™ products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | Yes | Probable |
| Lyle Burgoon, Ph.D. | Dr. Burgoon is expected to testify that: (1) there is no verifiable scientific evidence to support a statement that GPS's NPBI™ technology is harmful or hazardous, and available data indicates GPS's NPBI™ technology is safe when operated as intended; (2) there is no reliable scientific evidence that GPS's NPBI™ technologies produce or transmit harmful byproducts or volatile organic compounds; (3) the one study that purported to measure byproducts with the use of GPS's NPBI technology is patently flawed and contains misleading data. Moreover, the levels that have been reported in that study are equivalent to or below normal background levels found in | No | Expert |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | ambient air that would not present any harm or health issues; (4) Defendants' statements on the issues above are false and/or misleading; and (5) to rebut the testimony offered by Defendants' experts. | | |
| Faramarz Farahi, Ph.D. | Dr. Farahi is expected to testify in rebuttal to Dr. Sherman's opinions and conclusions regarding the safety and efficacy of GPS's NPBITM technology. Dr. Farahi is expected to testify that: (1) GPS's NPBITM technology helps to reduce particles and pathogens from the air without any harmful effects; (2) GPS's NPBITM technology is based on soft ionization, and therefore does not produce plasma since the electric field produced by GPS products is much weaker than what is required for plasma generation; (3) Dr. Sherman improperly conflates other ionization technologies with GPS's NPBITM technology; (4) Dr. Sherman relies upon flawed studies and papers, including Zeng et al. (2021); (5) Defendants' statements on the issues above are false and/or misleading and (6) that the testing performed on GPS's NPBITM technology confirms Dr. Farahi's conclusions. | No | Expert |
| Blake Frawley, CPA | Mr. Frawley is expected to testify regarding the sales and losses of GPS as a result of Defendants' false and defamatory statements about GPS's NPBI™ technology, and the amount of damages GPS has suffered as a result of Defendants' defamatory statements regarding GPS's NPBI™ technology based upon available financials. | No | Probable |
| Albert Brockman Innovative BioAnalysis ("IBA") | Mr. Brockman from IBA will testify regarding certain facts relevant to this action, including but not limited to scientifically supported testing and test reports on GPS's NPBI™ products and | No | Probable |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | the qualifications of IBA to conduct testing on GPS's products. | | |
| Jim Mangini | Mr. Mangini's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |
| Quentin Mimms | Mr. Mimms is expected to testify: (1) that Defendants' false and defamatory statements about GPS's NPBI™ technology correlates to GPS's loss of sales, lost profits, and other damages; and (2) the amount of damages GPS has suffered as a result of Defendants' defamatory statements regarding GPS's NPBI™ technology. | Yes | Expert |
| Chris Opie (Carrier) | Mr. Opie's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the volume of business GPS conducted with Carrier, as well as the damages GPS incurred as a result of the cancellation of the contract between Carrier and GPS. | No | Probable |
| Mark A. Roberts, M.D., Ph.D., M.P.H., M.Ed., FACOEM | Dr. Roberts is expected to testify that: (1) there is no valid, scientific evidence to support the Defendants' statements that GPS's NPBI™ technology causes adverse health effects to children or adults; (2) Dr. Zaatari does not perform scientifically valid risk assessment analyses to support her false and defamatory statements about GPS's NPBI™ technology; and (3) Dr. Zaatari publishes statements, articles, and editorials without disclosing her financial and business ties to a competitor of GPS, which is viewed in most scientific communities as a conflict of interest. | No | Expert |
| Alexis Sauer-Budge, Ph.D. | Dr. Sauer-Budge is expected to testify regarding Defendants' false statements | No | Expert |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | related to efficacy. Dr. Sauer- Budge will testify regarding the ability of GPS's technology to help reduce certain viruses and bacteria. Dr. Sauer-Budge will also be called to rebut the testimony proffered by Defendants' retained expert witnesses Drs. Granger, Feigl-Ding, Sherman and Lee, to address and respond to their conclusions regarding the efficacy of GPS's NPBI™ technology. In doing so, Dr. Sauer-Budge is expected to testify that: (1) the two non-peer reviewed white papers relied upon by Defendants' experts are irrelevant to evaluate GPS's NPBI™ technology for the intended use case; (2) GPS's laboratory based testing to evaluate the reduction of the viability/activity of microbes is a standard analysis to present the net reduction for microbial reduction studies; (3) there is no basis for claiming that the performance of other ionization technologies can be directly equated to that of GPS's NPBI™ technology; (4) emerging technologies are not inherently ineffective; and (5) Defendants' statements on the issues above are false and/or misleading. | | |
| Edward A. Sobek, Ph.D., M.B.A. | Dr. Sobek is expected to testify that: (1) the Zeng et al. (2021) study was flawed in that the scientific methodology used was improper, including the use of industrial hygiene methodology, or the cannister method, which is a testing method created to test for dangerous levels of VOCs, and not levels of VOCs at or near the limit of detection; (2) Defendants' experts relied upon studies that are not properly designed to measure the creation of byproducts or byproducts at or below the detection limit, including studies that utilize a single snap-shot measurement (such as | Yes | Expert/Probable |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | those taken by using the indoor/outdoor ratio) which is insufficient to measure the levels of byproducts in air given scientifically understood diffusion factors related to VOCs; (3) that Defendants' experts misunderstand available scientific literature; (4) Defendants' experts relied upon unreliable studies inapplicable and irrelevant to GPS's NPBI™ technology; and (5) results and analysis from independent studies performed on GPS's NPBI™ technology rebut Defendants' experts conclusions and the studies that form the basis of the same; and (6) Defendants' statements on the issues above are false and/or misleading.<br>Dr. Sobek is also expected to testify to testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's NPBI™ products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | | |
| John M.E. Storey, Ph.D., M.S., A.B. | Dr. Storey is expected to testify in rebuttal to Drs. Lee and Feigl-Ding, to address and respond to their conclusions regarding the alleged production of formaldehyde and ozone by GPS's NPBI™ technology. Dr. Storey is expected to testify that: (1) | No | Expert |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | GPS's NPBI™ technology does not produce harmful levels of ozone; (2) Dr. Feigl-Ding's conclusion that GPS's NPBI™ technology produces harmful levels of ozone is unsupported; (3) GPS's NPBI™ technology does not produce harmful levels of VOCs and/or formaldehyde; (4) Dr. Lee's conclusion that GPS's NPBI™ technology produces harmful levels of VOCs and/or formaldehyde is both unsupported and scientifically impossible; (5) the Zeng et al. study (2021) was flawed in its utilization of GPS's NPBI™ technology; (6) the Zeng et al. study (2021) used inappropriate measurement methods for the testing protocol to measure VOCs; (6) the results of the Zeng et al. study (2021) were reported inaccurately; and (7) Defendants' statements on the issues above are false and misleading. | | |
| Michael Studer | Mr. Studer's testimony will relate to his status as a member of D Zine and knowledge regarding claims and defenses at issue in action, as well as the defamatory and false statements made by Defendants. | Yes | Probable |
| Douglas Engel | Mr. Engel will testify regarding enVerid's competition with GPS, Zaatari's conflict of interest as well as false statements made by Defendants with respect to GPS and GPS's NPBI™ products, in addition to Zaatari's relationship with and interest in, enVerid. | Yes | Possible |
| Udi Meirav | Mr. Meirav will testify regarding enVerid's competition with GPS, Zaatari's conflict of interest as well as false statements made by Defendants with respect to GPS and GPS's NPBI™ products, in addition to Zaatari's relationship with and interest in, enVerid. | Yes | Possible |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| Heather Robb | Ms. Robb will testify regarding enVerid's competition with GPS, Zaatari's conflict of interest as well as false statements made by Defendants with respect to GPS and GPS's NPBI™ products, in addition to Zaatari's relationship with and interest in, enVerid. | Yes | Possible |
| Theodore Vergis | Mr. Vergis will testify regarding enVerid's competition with GPS, Zaatari's conflict of interest as well as false statements made by Defendants with respect to GPS and GPS's NPBI™ products, in addition to Zaatari's relationship with and interest in, enVerid. | Yes | Possible |
| Glen Toloczko Blue Heaven Technologies ("Blue Heaven") | Mr. Toloczko from Blue Heaven will testify regarding certain facts relevant to this action, including but not limited to scientifically supported testing and test reports on GPS's NPBI™ products and the qualifications of Blue Heaven to conduct testing on GPS's products. | No | Probable |
| Charles Waddell | Mr. Waddell is expected to testify that: (1) expert Eric Feigl-Ding's opinion that GPS's products' UL 2998 zero ozone emissions certification does not mean that GPS' products may not nevertheless emit harmful levels of ozone is false and that the certification demonstrates that, when mounted in an HVAC system, GPS products will not add any detectable level of ozone to the building space in which they are installed; (2) expert Robert Granger's opinion that ozone test results submitted to demonstrate compliance with California's Air Cleaner Regulation (AB 2276) cannot and should not be extrapolated to suggest that the amount of ozone produced will always be low or "zero" under all field installed conditions, building operations, and maintenance programs | Yes | Expert/Probable |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | is improperly based on studies of technologies different than the NPBITM technology utilized by GPS and fails to recognize several unique features of the NPBI™ technology that insure proper operation of the products and the control of ozone emission under reasonable field conditions, and (3) that expert Dr. Arch Carson's opinion that Defendants fairly interpreted the data in a NBPI™ CADR lab test when they alleged that it reported that the CADR value was below the measurability limit, is incorrect, because the referenced testing was performed by a competitor to GPS in a biased manner that did not reflect how NPBI™ is actually used, and the methodology employed was not applicable to GPS' NPBI™ technology.<br>Mr. Waddell's testimony relates to all facts relevant to this action, including but not limited to research and development of GPS's NPBI™ products; manufacturing of GPS's NPBI™ products; testing and quality control related to GPS's NPBI™ products; scientifically supported testing of GPS's NPBI™ products; the publication and dissemination of false, misleading, and defamatory statements by Defendants about GPS and GPS's NPBI™ products; damages and harm to GPS caused by Defendants' conduct; the competitive status of Defendants and GPS; conflicts of interest with respect to Zaatari; and GPS's reputation and goodwill in the air purification/quality industry. | | |
| Christian Weeks | Mr. Weeks will testify regarding Zaatari's conflict of interest as well as false statements made by Defendants with respect to GPS and GPS's NPBI™ products, in addition to | Yes | Probable |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| | Zaatari's relationship with and interest in, enVerid. | | |
| Marwa Zaatari | Dr. Zaatari will testify regarding her knowledge of facts relating to all claims and defenses, including knowledge regarding Zaatari's conflict of interest, Defendants' false, misleading, and defamatory statements about GPS and GPS's NPBI™ products; harm to GPS caused by Defendants' conduct; and Defendants' intent, including but not limited to its malice, reckless disregard, and/or negligence in making false, misleading, and defamatory statements about GPS and NPBI™ products. | Yes | Probable |
| Kevin Brabon | Mr. Brabon's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |
| Chris Pedecine | Mr. Pedecine's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |
| Randolph Davis | Mr. Davis' testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |

| Witness Name | Summary of Testimony | Deposed | Category |
|---|---|---|---|
| Jon Fruetel | Mr. Fruetel's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |
| Alan Rosenberg | Mr. Rosenberg's testimony relates to the disparaging and defamatory statements made by Defendants about GPS and its technology, the effectiveness of GPS's technology, the volume of business GPS conducted in the indoor air quality industry, and the customers GPS lost as a result of Defendants' actions. | No | Possible |