IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00884-M |
| | § | |
| D ZINE PARTNERS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Designate Responsible Third Parties (ECF No. 336), filed by Defendants D Zine Partners, LLC and Marwa Zaatari.  For the reasons stated below, the Motion is **DENIED.**

### I.  Background

Plaintiff Global Plasma Solutions, Inc. ("GPS") is a company in the air purification industry, whose products are based on its Needlepoint Bipolar Ionization technology.  Defendant D Zine Partners, LLC ("D Zine") is a firm that offers indoor air filtration consulting and design services.  Defendant enVerid Systems, Inc. ("enVerid") offers air purification systems.  D Zine and enVerid are allegedly GPS's competitors.  Defendant Marwa Zaatari ("Zaatari") is a scientist in the Indoor Air Quality field.  She was a partner in, and later an advisor to, enVerid, and now co-owns D Zine, where she is the Chief Science Officer.

GPS brings federal claims of false advertising, product disparagement, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and state law claims for defamation, business disparagement, tortious interference, common law unfair competition, and

1

civil conspiracy.  Defendants D Zine and Zaatari seek leave to designate Falfurrias Capital Partners, Kenneth Walker, and Nu-Calgon as responsible third parties pursuant to Texas Civ. Prac. & Rem. Code § 33.004.  ECF No. 336 ("Motion") at 2.  D Zine and Zaatari state the following facts in their Motion: Falfurrias is a private equity fund that holds an interest in GPS.  Walker is a Falfurrias officer and executive chairman of GPS.  During the relevant time period, Walker was responsible for, *inter alia*, setting the sales and marketing strategy for GPS during the COVID-19 environment.  *Id.* at 4.  Nu-Calgon is allegedly an important manufacturing partner of GPS.  *Id.* at 5.  D Zine and Zaatari allege that Falfurrias, Walker, and Nu-Calgon breached duties of care and engaged in failed business strategies, which caused GPS to lose profits, thereby contributing to the harm that GPS asserts against D Zine and Zaatari.  The Motion is ripe for review.

## II. Applicable Law

A responsible third party is one "who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these."  Tex. Civ. Prac. & Rem. Code § 33.011(6).  The jury is to consider if a designated third party should be allocated any responsibility for the plaintiff's damages.  *See* Tex. Civ. Prac. & Rem. Code § 33.003.

If an objection to the Motion to Designate is timely, a court must grant leave unless the objecting party establishes: "(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading

requirements of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code § 33.004(g). An objection is timely if, as here, it is filed within fifteen days of the filing of the Motion to Designate. Tex. Civ. Prac. & Rem. Code § 33.004(f).

Other judges on this Court have applied § 33.004 in diversity cases like this. *Eisenstadt v. Tel. Elecs. Corp.*, 2008 U.S. Dist. LEXIS 77038, at *3–4 (N.D. Tex. Sept. 30, 2008); *Hernandez v. Bumbo (Pty) Ltd.*, 2014 U.S. Dist. LEXIS 30392, at *3 (N.D. Tex. March 10, 2014). This Court applies Texas's fair notice pleading standard, and it is satisfied "if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant." *Howard v. Lowe's Homes Ctrs., LLC*, 2017 U.S. Dist. LEXIS 224265, at *3 (W.D. Tex. 2017) (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)) (internal quotation omitted).

To determine if a defendant has pleaded sufficient facts:

> [F]ederal courts look at allegations in a defendant's answer and/or counterclaim. *Nels Cary, Inc.*, 2008 U.S. Dist. LEXIS 15928, 2008 WL 631242 at *2 (stating that leave would be granted if defendant's answer and counterclaim sufficiently allege that the third party caused or contributed to causing in any way the harm for which recovery of damages was sought). Courts have also found sufficient pleading where a defendant points to allegations in a plaintiff's pleading that demonstrate responsibility of a third party. *See Estate of Dumas v. Walgreens Co.*, 3:05-CV-2290, 2006 U.S. Dist. LEXIS 88167, 2006 WL 3635426 at *2 (N.D. Tex. Dec. 6, 2006) (court concluded plaintiffs failed to show defendants did not plead sufficient facts where defendants' motion cited allegations plaintiffs made in their pleadings about the third party to be designated).

*Eisenstadt*, 2008 U.S. Dist. LEXIS 77038, at *5.

### III.    Analysis

D Zine and Zaatari allege that Walker breached various duties by not securing competent, verified third-party laboratory studies of the products of GPS in issue, and by not convincing Trane to retract its public research findings that are harmful to GPS. Motion ¶¶ 9, 11. These

3

failures allegedly "caused or contributed to GPS's incurrence of attorneys' fees in the instant suit." *Id.* ¶ 11.  D Zine and Zaatari further allege that Falfurrias directly manages "four key operational categories, each of which has failed to generate sales" and thus "directly" led to lost profits for GPS.  *Id.* ¶¶ 10, 12.  Finally, D Zine and Zaatari allege that Nu-Calgon sells GPS products that emit ozone at levels exceeding those stated by GPS, causing a loss of customers.  *Id.* ¶ 13.  Walker and Falfurrias allegedly were responsible for a sales model that overstated to customers the efficacy of GPS's products.  *See id.* ¶¶ 10, 12.

GPS responds that the pleadings are insufficient to allow a designation of third party responsibility for GPS's harm.  GPS argues that D Zine and Zaatari merely allege that the proposed responsible third parties engaged in general business strategies that contributed to GPS lost profits, which is irrelevant to the harm caused by Zaatari's alleged statements.  ECF No. 357 at 3.  The Court agrees.

It should be noted that § 33.004 does not apply to federal claims; it only applies to state law claims based in tort, and under the DTPA, which is not alleged here.  Tex. Civ. Prac. & Rem. Code §33.002(a); *Axxiom Mfg. v. McCoy Invs.*, 846 F. Supp. 2d 732, 754 (S.D. Tex. 2012); *Nels Cary, Inc. v. Day*, 2008 U.S. Dist. LEXIS 15928, at *5 (N.D. Tex. Feb. 29, 2008).  Accordingly, to the extent D Zine and Zaatari seek to designate responsible third parties with respect to GPS's claim for violations of the Lanham Act, the Motion is **DENIED**.

As to GPS's state law claims, the Court agrees that D Zine and Zaatari failed to plead sufficient facts under § 33.004.  D Zine and Zaatari do not cite to allegations in Defendants' answer and counterclaim (ECF No. 121), nor to allegations in GPS's pleadings (ECF No. 58), that the proposed responsible third parties contributed to harm to GPS as alleged in this case.  *See* Motion.  D Zine and Zaatari failed to provide sufficient notice of how the proposed

responsible third parties are responsible for the harm allegedly caused GPS by Zaatari's statements. *See Ramirez v. Abreo*, 2010 U.S. Dist. LEXIS 159855, *13–14 (N.D. Tex. May 27, 2010). Accordingly, to the extent D Zine and Zaatari seek to designate responsible third parties with respect to GPS's state law claims, the Motion is **DENIED**.

### IV. Conclusion

The Defendants' Motion for Leave to Designate Responsible Third Parties (ECF No. 336) is **DENIED**. Although the Court is extremely skeptical that the proposed responsible third parties could be responsible for the harm to GPS alleged in this case, the Court believes it is required to grant D Zine and Zaatari leave to amend.[1] Accordingly, if D Zine and Zaatari choose to replead, they must file an amended Motion by **Tuesday, November 29, 2022**, detailing the basis for the allegation that the proposed responsible third parties could be responsible for the torts alleged by GPS.

**SO ORDERED**.

November 17, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

---

[1] *Eisenstadt v. Tel. Elecs. Corp.*, 2008 WL 4452999, at *5 (N.D. Tex. Sept. 30, 2008) ("[U]nder Texas law the Court shall grant leave to designate a third party unless a defendant did not plead sufficient facts concerning the alleged responsibility of the third party after having been granted leave to replead.").