IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:21-cv-00884-M |
| D ZINE PARTNERS, LLC, et al., | | |
| Defendants. | | |

## ORDER

On November 8, 2022, the Court heard oral argument on the Motions for Summary Judgment, filed by Defendant enVerid Systems, Inc. (ECF No. 209) and Defendants D Zine Partners, LLC and Marwa Zaatari (ECF No. 214). Defendants seek summary judgment as to Plaintiff's Lanham Act, defamation, business disparagement, tortious interference, and common law unfair competition claims. Defendant enVerid additionally seeks summary judgment as to Plaintiff's theories of liability based on agency and civil conspiracy. Defendant D Zine also seeks summary judgment as to Plaintiff's civil conspiracy claim.[1] The Motions are **GRANTED IN PART** and **DENIED IN PART**. To the extent that the Court grants summary judgment and does not explain herein the basis for its ruling, an Opinion on such matters will follow.

1. Defendants move for summary judgment that the statements Plaintiff asserts are defamatory are not defamatory. The following statements alleged to have been made by Zaatari, as numbered in the Retraction Letter (ECF No. 213-3 at App'x 599–629), are

---

[1] Plaintiff subsequently conceded that it is not asserting civil conspiracy against D Zine. At this time, the Court does not reach the question of D Zine and Zaatari's relationship, and the extent to which Zaatari's acts can be imputed to D Zine. However, the Court may revisit this question based on the evidence at trial.

1

    held not to be actionable: Statements 7, 8, 9, 12, 22, and 24.  Accordingly, no issues related to those statements will be submitted to the jury, and summary judgment is **GRANTED** in favor of Defendants as to those statements.

2. Defendants' Motions for Summary judgment are **DENIED** as to Plaintiff's claim of defamation based on the rest of the statements claimed by Plaintiff to be defamatory.  The Court concludes that there is a fact question as to whether the statements alleged to have been made by Zaatari constitute defamation per se.  The Court likewise DENIES Defendants' Motions for Summary Judgment on the issue of causation, concluding there is a fact question as to whether Plaintiff can prevail under a theory of defamation per se.

3. The Court **GRANTS** Defendants' Motions for Summary Judgment that Plaintiff is a limited-purpose public figure, and therefore Plaintiff must prove malice to recover for defamation.

4. Defendants' Motions for Summary Judgment are **GRANTED** as to Plaintiff's claim of exemplary damages for defamation, because Plaintiff did not timely serve Defendants with its retraction request as required by Tex. Civ. Prac. & Rem. Code § 73.055(c).

5. Defendants' Motions for Summary Judgment are **GRANTED** as to Plaintiff's claim of tortious interference.

6. Defendants' Motions for Summary Judgment are **DENIED** as to Plaintiff's Lanham Act, business disparagement, and common law unfair competition claims.

7. Defendant enVerid's Motion for Summary Judgment is **DENIED** as to Plaintiff's theories of liability based on agency and civil conspiracy.

Defendants' Motions for Summary Judgment are **DENIED** as to any remaining issues not directly addressed by the Court.

**SO ORDERED**.

November 22, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE