IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:21-CV-00884-D | |
| § | | |
| D ZINE PARTNERS, LLC, § | | |
| MARWA ZAATARI, and § | JURY TRIAL DEMANDED | |
| ENVERID SYSTEMS, INC., § | | |
| § | | |
| *Defendants*. § | | |

**DEFENDANTS D ZINE PARTNERS, LLC AND MARWA ZAATARI'S BRIEF ON OPEN ISSUES RELATING TO KEITH GARRIS DEPOSITION**

Defendants D Zine Partners, LLC ("D Zine") and Marwa Zaatari ("Dr. Zaatari") (collectively, "Defendants" or the "Zaatari Parties") file this Brief on Outstanding Issues Relating to Keith Garris Deposition ("Brief"), and in support thereof would state as follows:

**I.
BACKGROUND**

1. Keith Garris ("Garris") is a former senior executive of Plaintiff Global Plasma Solutions, Inc.("GPS"). Garris was not disclosed on GPS's Rule 26 disclosures at any time. There were more than 2000 separate email addresses in GPS staggered document production (more than 180,000 pages) with approximately 60% of GPS document production was produced two months after the discovery deadline and after the completion of all fact and expert witness depositions. *See* Timeline attached as Exhibit A. Although a sales manager, Garris was the GPS representative directly involved with and in charge for GPS in regard to testing of the safety and efficacy of GPS's needlepoint bipolar technology and products with third party laboratories including with Boeing, University of Arizona, and National Council of Research in 2020 and 2021.

2.  Garris initiated contact with Defendant Marwa Zaatari and for her own protection, Zaatari lawfully taped four hours of conversations with Garris. During the conversations, Zaatari was in Texas and Garris was in Indiana, both of which are one person consent state.

3.  Garris submitted a sworn declaration under the oath claiming that he was intimated by Dr. Zaatari and her counsel even though Mr. Garris was represented by counsel – Darrin Blaine – a graduate of Harvard Law school for the past month. In the declaration, Garris disavowed statements made by him or his counsel, Darrin, Blaine, that he had a personal cell phone with relevant texts and an external hard drive with information that he copied from his work computer. During the November 8, 2022 court hearing, Lucy Wheatley, counsel for GPS, stated on the record that "there were personal on his computer. We didn't really want to embarrass Mr. Garris as to why he was terminated, but that would come out if we continue down the road. *See* Hearing Transcript dated November 8, 2022, at pg. 9-12 attached here as Exhibit B.

4.  On November 17, 2011, the Court ordered his deposition of Garris. [Doc. 409]. On November 25, 2022, GPS sent a notice of intention to take a deposition of Garris and then on November 30, 2022, Addison Fontein, GPS's counsel, informed Defendant's counsel, that Garris accepted service of GPS's deposition subpoena and that Garris's deposition would take place starting on December 13, 2022 at 10:00 CST and issued a First Amended Deposition Subpoena with a new deposition location. After getting no return phone calls from Garris's counsel, Defendants counsel, Defendants served a deposition subpoena *duces tecum* by a process server for December 14, 2022. Defendants had no intention to spend money and time flying to Indiana without a deposition subpoena.

5.  The following are open issues relating to the Garris Deposition for the Special Master:
    - GPS obviously has open communications with and/or control over Keith Garris through at the very least his attorney – Darrin Blaine. If Garris intends to object or moves to quash

- Defendant's Subpoena Duces Tecum which he is entitled to do, Defendants would request that the Special Master postpone the deposition to the document issues are resolved. Contrary to his statements on his calls with Dr. Marwa Zaatari, Garris and/or his counsel has disavowed in his declaration and/or other communications that he has any device or external hard drive and that he would look for hard copies of relevant documents. If true, the document requests in the subpoena duces tecum are not overbroad and unduly burdensome.

- Defendants would request that the Special Master review *in camera* and strike all of GPS's objections to the redacted and withheld documents attached here to Exhibit C that were listed on GPS's Privilege Log dated November 21, 2022 so that those documents can be produced two days before Garris's deposition currently scheduled for December 13th and 14th in Indiana. As the person in charge of scientific testing and research with Boeing, University of Arizona, the National Canadian Counsel of Research and other third party labs, the communications that Defendants are seeking to compel before Garris's deposition are relevant to Garris's GPS job responsibilities and what GPS was telling the public from a public relations perspective.

- GPS waived any privilege to these documents because the documents were not identified on a privilege log in violation of Federal Rule Civil Procedure 26(b)(5) until five months after the discovery deadline.[1]

---

[1] The Federal Rules of Civil Procedure contemplate many different privileges. One is memorialized in Fed. R. Civ. P. 26(b)(4)(D) and is generally known as a "Consulting Expert" or a "Trial Preparation Expert" protections. *Young v. Braum's, Inc.*, 2021 WL 1413128, at *16 (E.D. Tex. Jan. 8, 2021). A party resisting providing information or documents under claim of trail preparation materials must affirmatively state that they are withholding information or documents in the response to the applicable discovery request (in compliance with Fed. R. Civ. P. 26(b)(5)(A)(i)) and must thereafter disclose information satisfying Fed. R. Civ. P. 26(b)(5)(A)(ii). These withholding procedures apply to the Trial Preparation Expert protections. *Id.*; *see also*, *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014). To comply with the requirements to support withholding any responsive document or information as privileged or protected work product, a privilege log or equivalent document complying with Federal Fed. R. Civ. P. of Civil Procedure 26(b)(5)(A)'s requirements must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection. *See* Fed. R. Civ. P. 26(b)(5); *Young*, 2021 WL at *13 ("A party withholding information on the basis of privilege must expressly make the claim and describe the nature of the document being withheld.") (citations omitted); *see also In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir.2001) (holding that the "party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability"). Courts agree that the "party asserting the privilege bears the burden of proof." *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 18 (N.D. Tex. 2021); *Adams v. Mem'l Hermann*, 2018 WL 5886800, at *3 (S.D. Tex. Nov. 9, 2018), aff'd, 973 F.3d 343 (5th Cir. 2020) (*quoting Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)). Parties must issue withholding statements when claiming a privilege or protection, including the Consulting Expert protections. Fed. R. Civ. P. 26(b)(5)(A); *Randstad General Partner (US), LLC v. Beacon Hill Staffing Group, LLC*, 2021 WL 4319673, at *16 (N.D. Tex. Sept. 23, 2021) (the Hon. David L. Horan, presiding) (While "'[t]he scope of discovery in civil cases under Federal Rule of Civil Procedure 26(b)(1) does not include privileged information or, absent the showing that Federal Rule of Civil Procedure 26(b)(3) mandates, work product protected information,'" "**the answering party must comply with Federal Rule of Civil Procedure 26(b)(5) and serve a privilege log in support of any claim for withholding responsive information based on…work product protection**.") (citations omitted) (emphasis added;

- The following documents attached to Exhibit C were not sent or received by an attorney and therefore are not privileged: 20210506 GPS15_00004077; 20210509 GPS15_00014408; GPS15_00002757; GPS15_00002848; GPS15_00005408; GPS15_00011115; GPS15_00082674; GPS15_00082683; and GPS15_00113479. [2] Accordingly, those documents are not privileged.

- GPS15_00082674 and GPS15_00082683 are two emails that Garris sent from his work email address to his personal email address.  There are no indication that these emails contain privileged communication or legal advice from an identified attorney.  GPS does not identify any attorney on its privilege log relating to these two documents; thus, these two documents are not privileged and should be produced prior to the Garris deposition.  It is important to note that in ruling on enVerid's timely motion to compel, on June 15, 2022, Magistrate Judge Irma Ramirez ordered Plaintiff to amend its privilege log to clarify and make it complete including whether an attorney was copied on the document.  Hearing Transcript dated June 15, 2022, at pg. 82:17 – 86:23 attached here as Exhibit E.  The documents that Defendants are seeking production in this brief were not put on Plaintiff' Amended Privilege Log served June 29, 2022.[3]

- 20210509 GPS15_00014408 is an email between Dr. John M. Story (GPS paid scientist on GPS Science Advisory Board) and Dr. Edward Sobek (GPS's Chief Science Officer).  Both Story and Sobek have been identified in expert disclosures and on GPS's trial witness list as GPS testifying experts.  There is no basis to withhold a communication (20210509 GPS15_00014408) exchanged between two paid party employees or science advisors who are testifying experts for Plaintiff.

- 20210602 GPS15_00010422; GPS15_00004083; GPS15_00008717; GPS15_00008739; GPS15_00008775; GPS15_00009506; and GPS15_00034196 are all communications which are in part communications in which John Grissom, GPS's counsel, was copied.

---

*Janvey v. Alguire*, 2018 WL 11362638, at *6 (N.D. Tex. Oct. 17, 2018) (applying withholding requirements of Fed. R. Civ. P. 26(b)(5) to trial preparation experts under Fed. R. Civ. P. 26(b)(4)(D)); *see also Young*, 2021 WL at *13.

Failure to comply with the affirmative duty to disclose that a Party is withholding documents can result in waiver. *Janvey*, 2018 WL at *6. While "[w]aiver is a harsh sanction that a court should impose only "in cases of 'unjustified delay, inexcusable conduct, bad faith, or other flagrant violations,…[b]ecause Rule 26's requirement of describing the nature of documents withheld may be 'frustrated by undue delay in making the specific claim [of privilege],' courts may find such delay to be a waiver of the privilege." *Id*. (*citing Connor v. Deckinga*, 2012 WL 13020346, at *3 (N.D. Tex. Sept. 28, 2012)) (quoting Charles Alan Wright, et al., Federal Practice & Procedure § 2016.1 (3d ed. 1998 & supp. 2012)). Ultimately, courts retain significant discretion in evaluating possible waivers of an asserted privilege. *Id*.  It is critical to note that Federal Courts in Texas have generally held that unless a different privilege applies, "a consulting expert's identity falls within the scope of discovery" under Fed. R. Civ. P. 26(b)(1). *Benevis, LLC v. Mauze & Bagby, PLLC*, 2015 WL 12763537, at *14 (S.D. Tex. Dec. 14, 2015). Therefore, GPS had no basis to withhold the identity of  any internal communication between testifying experts or with a non-testifying expert from Defendant.

[2] Some of these documents are communications to and from the Sandverb organization - that is not a law firm; rather, it is a political consulting firm.

[3] Defendants will be filing a broader motion to compel relating to GPS's Privilege Log served November 21, 2021.

---

Copying a communication to in-house attorney, does not make a document privileged. Defendants believe that Grissom was not providing legal advice to GPS in these documents; and if he was, the non-privileged emails with the string of emails should at the very least be produced.

- During the June 15, 2022 hearing, Judge Ramirez in granting in part and denying in part enVerid's motion to compel ordered GPS to produce all documents responsive to enVerid's document requests for the relevant time period – January 1, 2019 to the present. *See* Hearing Transcript dated June 15, 2022 (Exhibit E) at pp. 60-61. Plaintiff has not produced any and all TEAMS information and documents that GPS maintains on its system despite the fact that it is clears from emails produced that GPS stores documents and files on TEAMS. *See e.g.* Email from T. Buetell to E. Admire dated January 29, 2021 and Email from K. Garris to P. Lebbin, dated March 11, 2022 attached here as Exhibit D. Defendants requests an order from the Special Master compelling production prior to Garris's deposition - unredacted and complete copies of all TEAMS information, documents and files maintained by GPS responsive to enVerid's document requests responsive to the relevant time period – January 1, 2019 to the present previously determined and ordered by the Court.

- Likewise, GPS did not produce a responsive text messages other than text messages included within a responsive email. Garris stated in the taped telephone conversations that there were text messages between him and other senior GPS executives and officers including Charlie Waddell (GPS CTO); Glenn Brinkman (GPS CEO); and potentially Ken Walker, Scott Gugenheim; Kevin Boyle; Erica Admire; Blake Frawley; Faramarz Farahi; Todd Beeler; John M. Storey; Albert Brockman; and Dr. Edward Sobek. Defendants requests an order from the Special Master compelling production two days prior to Garris's deposition of complete and unredacted copies in GPS's possession, custody and control of all text messages to or from Garris and/or to or from any other GPS employees or advisor listed in this paragraph responsive to enVerid's document requests as previously determined and ordered by the Court.

- Finally, Defendants request an order from the Special Master compelling production two days prior to Garris's deposition of any and all communications, information and documents exchanged between Garris and/or Garris's Counsel and GPS (including any GPS senior executive or employee listed in prior paragraph) and/or GPS's counsel and unredacted copy of Garris's personnel file and any records that in any way relate to information found on Garris's work computer as represented by Ms. Wheatley in open court. This request shall include front and back of severance checks, bank statements showing any type of fees paid to Garris, all draft and executed employment, separation, release, settlement, indemnity, confidentiality, and non-disclosure written or oral agreements and all other agreements entered into between Keith Garris and Plaintiff at any time.

## II.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants D Zine Partners, LLC and Marwa Zaatari respectfully requests the Special Master to issue an order compelling Plaintiff Global Plasma Solutions, Inc. to produce the above categories of information and documents two days before the Keith Garris deposition currently scheduled for December 13 and 14, 2023 in Indiana.

Respectfully submitted,

*/s/ Bart F. Higgins*
James D. Shields, SBN: 18260400
Bart F. Higgins, SBN: 24058303
David A. Shields, SBN: 24083838
**SHIELDS LEGAL GROUP, P.C**.
16400 Dallas Parkway, Suite 300
Dallas, Texas 75248
Tel: (972) 788-2040
Fax: (972) 788-4332
jsheilds@shieldslegal.com
bhiggins@shieldslegal.com
dshields@shieldslegal.com

**ATTORNEYS FOR DEFENDANTS
MARWA ZAATARI AND
D ZINE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the that the foregoing was served on opposing counsel of record in accordance with the Federal Rules of Civil Procedure on this 6th day of December 2022.

*/s/ Bart F. Higgins*
Bart F. Higgins