AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### NORTHERN  DISTRICT OF TEXAS

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    3:21-CV-00884-D |
| D Zine Partners, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                 LMS Technologies, Inc.
Serve: Al Vatine  6423 Cecilia Circle, Edina, MN 55439
*(Name of person to whom this subpoena is directed)*

❏ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | The Reserve - Edina<br>4951 West 77th Street, Edina, MN 55435 | Date and Time:<br>           12/23/2022 9:00 am |
|---|---|---|

The deposition will be recorded by this method:     certified court reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A for List of Documents and Objects Deponent must bring to the Deposition.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendants D Zine Partners, LLC and Marwa Zaatari _____ , who issues or requests this subpoena, are:

Bart F. Higgins, Esquire, The Shields Legal Group, PC., 16400 Dallas Parkway, Suite 300, Dallas, TX. 75248

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:21-CV-00884-D

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**Definition:** "GPS Product" means "GPS's needlepoint bipolar ionization ("NPBI") technology, any product model manufactured by GPS, or any rebranded model which utilizes GPS's NPBI Technology", included but not limited to products branded as NuCalgon and Aviation Clean Air (ACA).

A- All studies, lab tests, or other similar research and testing performed by LMS on GPS product based on GPS's request regarding:

1) effectiveness or reduction of pathogens, particles, or gases.

2) ozone production, emission, or removal.

3) volatile organic compound production, including but not limited to formaldehyde, toluene.

4) Particle production, including but not limited to ultrafine particles.

For all the items requested above, the production shall include:

- raw data
- measured ion concentrations
- absence or presence of a particulate matter filter and the efficiency of the filter
- test protocol, schematic and pictures
- GPS model tested
- generated summary reports
- communication with GPS

B- All studies, lab tests, or other similar research and testing performed by LMS on GPS product ordered by a company other than GPS for the purpose of evaluating GPS' products regarding:

1) effectiveness or reduction of pathogens, particles, or gases.

2) ozone production, emission, or removal.

3) volatile organic compound production, including but not limited to formaldehyde, toluene.

4) Particle production, including but not limited to ultrafine particles.

For all the items requested above, the production shall include:

- raw data
- measured ion concentrations
- absence or presence of a particulate matter filter and the efficiency of the filter
- test protocol, schematic and pictures
- GPS model tested

- generated summary reports

**EXHIBIT B**

**AFFIDAVIT**

STATE OF MINNESOTA              §
                                           §

COUNTY OF _____       §

BEFORE me, the undersigned authority, on this day personally appeared _____

_____, who upon being duly sworn by me did state and depose as follows:

1.       My name is _____, I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein.

2.       I am an authorized custodian of records employed by the accounting firm – LMS Technologies, Inc. and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

3.       I have authority to obtain records and data maintained and kept by LMS Technologies, Inc. in its files and data processing system.

4.       Attached to this Affidavit is a thumb drive of _____pages of records (the "Records"). The Records were produced in response to a subpoena *duces tecum* served by Defendants D Zine Partners, LLC and Marwa Zaatari.

5.       I certify that the Records are true and correct copies of originals on file or on the data processors systems of LMS Technologies, Inc.

6.       I certify that at the time the attached Records were made or kept by LMS Technologies, Inc., its principals, employees and agents (including Al Vatine)(collectively referred to as "LMS Technologies, Inc.") were (a) employed by LMS Technologies, Inc. and (b) in that capacity, LMS Technologies, Inc. was authorized to act LMS Technologies, Inc.'s representatives to perform the above services under the direction and control of LMS Technologies, Inc.

*Affidavit of Al Vatine–*                                                *Page 1*

7.    I certify that it was the regular course of business of LMS Technologies, Inc.   for an employee or representative of LMS Technologies, Inc. with knowledge of the act, event, condition, opinion, or diagnosis recorded to make these types of records or to transmit information thereof be included in such records.

8.    I certify that Records that the Records were kept in the course of regularly conducted business activity.

9.    I certify that the Records were made by, or from information transmitted by, persons with knowledge of the matters of set forth and that the Records were made at or near the time of the act, event condition, opinion or diagnosis.

10.    I certify that it is the regular practice of the business activity to make the Records.

11.    I certify that the Records attached hereto are exact duplicates of the original or accurate reproductions of the original records.

DATED this ____ day of _____, 2022.

_____
Affiant

SWORN AND SUBSCRIBED to me on the ____ day of _____, 2022.

_____
Notary Public in and for the State of _____

*Affidavit of Al Vatine–*                                                                                               *Page 2*