IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| D ZINE PARTNERS LLC, | § | CIVIL ACTION NO. 3:21-CV-00884-M |
| MARWA ZAATARI, and | § | |
| ENVERID SYSTEMS, INC., | § | |
| | § | |
| *Defendants.* | § | |

ORDER REGARDING
GLOBAL PLASMA SOLUTIONS, INC.'S
FIRST AMENDED INITIAL DISCLOSURES

Before the Special Master is Defendants Marwa Zaatari ("Zaatari"), D Zine Partners, LLC ("D Zine"), and enVerid Systems, Inc.'s ("enVerid" and collectively, "Defendants") Motion to Strike Global Plasma Solutions, Inc.'s ("GPS") First Amended Initial Disclosures ("Motion"). (Dkt. 328) After consideration of the relevant filings, evidence, oral arguments, applicable law and partial agreements of counsel, the Special Master **DENIES** Defendants' Motions in part and **GRANTS** Defendants' Motions in part.

1. GPS has agreed that it will not call the following witnesses at trial and, therefore, Defendants' Motion is **DENIED as moot** as to these witnesses:

    a. Todd Beeler

    b. Erica Admire

    c. Kevin Brabon

    d. Randolph Davis

    e. Jon Fruetel

  f. Doug Bergmann

  g. Corporate Representative of Assured Bio Lab LLC

  h. Corporate Representative of Intertek Testing Services

2. The Special Master finds that the following witnesses on GPS' amended disclosures were made known to Defendants during discovery and, therefore, Defendants' Motion is **DENIED** as to these witnesses on GPS' amended disclosures. The Special Master further finds that the potential witness disclosures were untimely but under the criteria of Rules 26(a)(i)(A) and 37(c)(i), Fed. R. Civ. P., and *Drechsel v. Liberty Mutual Insurance Co.*, 3:14-cv-162-M-BN, the witness corporate representative of Innovative Bioanalysis, Chris Opie, (Carrier Corporation), were otherwise made known to the Defendants during the discovery process and/or were well-known by Defendant Zaatari.

   GPS narrowly bore its burden to prove the failure to timely disclose was justified because of Defendant Zaatari's knowledge. Unfortunately, Defendant enVerid may not have had the same knowledge, yet it is impossible to separate the Defendants for purposes of further discovery. These depositions may also inform all parties as to GPS' damage models and answer many interrogatory requests in dispute.

3. Therefore, these third-party witnesses may be deposed if properly subpoenaed and available. The Special Master had previously set the deposition deadline of February 15, 2023, although the discovery deadline was February 28, 2023, and had requested the parties leave February 15, 2023, through February 28, 2023, open for depositions. Therefore, the depositions of the corporate representative of Innovative Bioanalysis and Chris Opie (Carrier Corporation) shall be scheduled as soon as possible at the convenience of the Defendants and be completed by Tuesday, February 28, 2023.

Plaintiff GPS shall bear the taxable court costs. The Special Master reserves the decision of whether Plaintiff GPS shall bear other costs including Defendants' travel costs, if any, and reasonable attorney's fees.

4. GPS has offered the depositions of its employees Scott Gugenheim and Tim Boyd. The employees of GPS, Scott Gugenheim and Tim Boyd, shall be provided for depositions as soon as possible. The scheduling shall be at the convenience of the Defendants. GPS shall bear the taxable court costs of such depositions. The Special Master reserves the decision of whether Plaintiff GPS shall bear other costs including Defendants' travel costs, if any, and reasonable attorney's fees.

5. The sales representative third party depositions of Allen Rosenberg (Top Produce Innovations); Chris Pedecine (D&B Building Solutions); and Jim Mangini (Hoffman & Hoffman) were not timely nor sufficiently disclosed or identified and shall be struck and their testimony not used. Defendants would have had to "go find it" as Judge Ramirez observed; their identities and contact information were not made known pursuant to the discovery rules.

6. The Special Master will attend via Zoom or other electronic means the continued deposition of Defendant Zaatari on Thursday, January 26, 2023. The Special Master is available beginning at 11:00 a.m. and requests the timing of the deposition be adjusted accordingly. The continued deposition shall not exceed four hours.

7. The Special Master will attend via Zoom or other electronic means the continued deposition of Plaintiff GPS' corporate representative which is to be scheduled in accordance with the party and the Special Master's schedules prior to February 14, 2023. The continued deposition shall not exceed four hours.

8. There are significant other issues to be decided. In light of this ruling, the parties shall meet and confer to schedule the depositions, to provide the Special Master with the deposition schedule and address all other outstanding discovery issues by noon CT, Monday, January 23, 2023. The parties shall provide and submit new proposed orders addressing all outstanding issues by 3:00 p.m. CT, Monday, January 23, 2023. The Zoom hearing on remaining issues will continue at 1:30 p.m. CT, Tuesday, January 24, 2023.

**IT IS SO ORDERED**.

Signed this 17th day of January, 2023.

_____
Cecilia H. Morgan
Special Master by the Appointment of the
Honorable Barbara M. G. Lynn