# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> D ZINE PARTNERS, LLC, <br> MARWA ZAATARI, and ENVERID SYSTEMS, INC., <br><br> *Defendants*. | CIVIL ACTION NO. 3:21-CV-884-M <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S OBJECTIONS TO SPECIAL MASTER'S ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | STANDARD OF REVIEW ..................................................................................... | 2 |
| III. | ARGUMENT ........................................................................................................... | 2 |
| | A.    The Special Master erred in concluding that Alan Rosenberg/TPI and Chris Pedecine/D&B were not made known during discovery. ............................ | 2 |
| | B.    The Special Master erred in striking Alan Rosenberg/TPI and Chris Pedecine/D&B without considering the harmlessness exception. ......................... | 6 |
| | C.    The Special Master abused her discretion in taxing the costs of additional depositions against GPS. ............................................................................................... | 8 |
| IV. | CONCLUSION ....................................................................................................... | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aircraft Holding Sols., LLC v. Learjet, Inc.*,
   2022 U.S. Dist. LEXIS 134880 (N.D. Tex. July 29, 2022) ...................................................... 3

*Burleson v. Collin Cty. Cmty. College Dist.*,
   2019 U.S. Dist. LEXIS 41493 (E.D. Tex. Jan. 14, 2019) ......................................................... 5

*Chenevert v. GC Constructors*,
   2011 U.S. Dist. LEXIS 102636 (N.D. Miss. Sept. 12, 2011) .................................................... 5

*Drechsel v. Liberty Mut. Ins. Co.*,
   2015 U.S. Dist. LEXIS 153336 (N.D. Tex. Nov. 12, 2015) ............................................. 3, 6, 7

*Hoffman v. AmericaHomeKey Inc.*,
   2014 U.S. Dist. LEXIS 204237 (N.D. Tex. June 10, 2014) ................................................ 3, 5

*Hoffman v. L&M Arts*,
   2013 U.S. Dist. LEXIS 2385 (N.D. Tex. Jan. 8, 2013) ............................................................. 7

*Huffman v. City of Conroe*,
   2008 U.S. Dist. LEXIS 74311 (S.D. Tex. Sept. 26, 2008) ................................................... 5, 7

*Jones v. RealPage, Inc.*,
   2020 U.S. Dist. LEXIS 193404 (N.D. Tex. Oct. 19, 2020) ...................................................... 2

*Reed v. Iowa Marine & Repair Corp.*,
   16 F.3d 82 (5th Cir. 1994) ......................................................................................................... 3

*Tex. A&M Research Found. v. Magna Transp., Inc.*,
   338 F.3d 394 (5th Cir. 2003) ..................................................................................................... 6

Pursuant to Rule 53(f) and this Court's Order Appointing Special Discovery Master (Dkt. 421), Plaintiff Global Plasma Solutions, Inc. ("GPS") hereby submits these objections to the Special Master's January 18, 2022 Order Regarding Global Plasma Solutions, Inc.'s First Amended Initial Disclosures (Dkt. 481).[1]

## I.     INTRODUCTION

The Special Master struck Alan Rosenberg of Top Product Innovations ("TPI") and Chris Pedecine of D&B Building Solutions ("D&B") from GPS's amended disclosures served on the June 24, 2022 discovery deadline, concluding that these witnesses were not made known during discovery. (Dkt. 481, at ¶ 5.) The Special Master erred in striking these witnesses for at least two reasons. First, the discovery in this case—and documents filed by Defendants months before the discovery deadline—demonstrate that these witnesses were made known (and actually known) during discovery. Not only did GPS's initial production in September 2021 (9 months prior to the discovery deadline) identify Rosenberg, TPI, Pedecine, and D&B, but Defendants themselves specifically referenced and sought discovery about Pedecine, Rosenberg, TPI, and D&B in depositions and written discovery requests and even identified TPI in their own initial disclosures. Second, even assuming *arguendo* that these witnesses were not made known during discovery, the Special Master erred in striking these witnesses because the timing of GPS's amended disclosures was harmless.

Further, the Special Master found that four witnesses on GPS's amended disclosures were made known during discovery but ordered that GPS shall bear the costs of the depositions of those witnesses. (Dkt. 481, at ¶¶ 3–4.) This was an abuse of discretion. There is no basis for imposing on GPS the costs of depositions of witnesses that were made known during discovery merely

---

[1] Although the Special Master's Order reflects that it was entered on January 17, 2023, the Order was not available to the parties on the Court's CM/ECF system or otherwise until January 18, 2023.

1

because the depositions are occurring now. This is especially true when GPS must bear the costs of the second depositions of Defendant Marwa Zaatari and three of Defendants' experts that were necessitated by Defendants' supplemental expert reports that were untimely served five months after the deadline for discovery and GPS's amended disclosures.

Therefore, GPS respectfully requests that the Court reverse the portion of the Special Master's Order striking Alan Rosenberg/TPI and Chris Pedecine/D&B and taxing the costs of the four depositions against GPS.

## II.   STANDARD OF REVIEW

Under Rule 53(f) and this Court's Order (Dkt. 421), the Special Master's factual findings and conclusions of law are reviewed de novo, and the Special Master's procedural rulings are reviewed for an abuse of discretion.

## III.   ARGUMENT

### A.   The Special Master erred in concluding that Alan Rosenberg/TPI and Chris Pedecine/D&B were not made known during discovery.

The Special Master concluded that Alan Rosenberg of TPI and Chris Pedecine of D&B were not made known to Defendants during discovery and struck these witnesses on that basis. (Dkt. 481, ¶ 5.)  This conclusion was error.

"Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must make certain initial disclosures within the early stages of litigation without awaiting a discovery request." *Jones v. RealPage, Inc.*, 2020 U.S. Dist. LEXIS 193404, at *5 (N.D. Tex. Oct. 19, 2020).  Rule 26(a)(1)(A)(i) requires a party to disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(i).  "Rule

2

26(e)(1)(A) requires that disclosures made under Rule 26(a) be supplemented 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.**'" *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2022 U.S. Dist. LEXIS 134880, at *7 (N.D. Tex. July 29, 2022) (emphasis added) (quoting Fed. R. Civ. P. 26(e)(1)(A)). A party is not required to supplement its initial disclosures if the information has otherwise been made known to the other parties during the discovery process or in writing. *E.g.*, *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 84–85 (5th Cir. 1994) ("The 1993 recasting of Rule 26(e) makes clear that a party has a duty to supplement discovery responses **only if the additional information has not otherwise been made known to the other parties during the discovery process**." (emphasis added)); *Drechsel v. Liberty Mut. Ins. Co.*, 2015 U.S. Dist. LEXIS 153336, at *6 (N.D. Tex. Nov. 12, 2015) (stating that if "the information disclosed has otherwise been made known to the other parties during the discovery process or in writing," then "its inclusion in any supplemental or amended disclosures is, strictly speaking, unnecessary under Rule 26(e)(1)"). "Thus, [a party] only violates Rule 26(e), and thus Rule 37(c), if the additional witnesses were not made known to [the other parties] during the discovery process." *Hoffman v. AmericaHomeKey Inc.*, 2014 U.S. Dist. LEXIS 204237, at *15 (N.D. Tex. June 10, 2014).

Here, GPS's manufacturer representatives Alan Rosenberg/TPI and Chris Pedecine/D&B were made known to Defendants during discovery. Therefore, these witnesses were timely disclosed and GPS had no obligation to supplement its disclosures to formally identify these witnesses in its Rule 26 disclosures.

First with respect to Alan Rosenberg/TPI, on April 18, 2022—over two months before the discovery deadline—Zaatari and D Zine filed their appendix to their answer and counterclaim in

3

which they included emails with Alan Rosenberg.  (Dkt. 122, at 73, 81.)  On June 30, 2021—approximately one year before the discovery deadline—Zaatari and D Zine served their initial disclosures in which they identified TPI's Chief Technology Officer as having discoverable information, stating that TPI sells GPS's products.  (Dkt. 473, at 47.)[2]  On June 16, 2021—over one year before the June 24, 2022 discovery deadline—Zaatari and D Zine served their first RFPs to GPS in which they requested all documents, communications, written materials, and correspondence related to TPI.  (Dkt. 473, at 21 (RFP No. 18.FF).)  GPS also produced emails to or from Rosenberg in response to this request in its very first production on September 24, 2021.  (Dkt. 473, at 355.)  In addition, on February 28, 2022—almost 4 months before the discovery deadline and 3 months before Defendants took any depositions—GPS provided to Defendants a list of customers it contends it lost because of Zaatari's statements.  (Dkt. 473, at 6–7, 284–86.)  On that list, GPS expressly identified TPI.  (Dkt. 473, at 286.)  And GPS expressly referred to this list in response to enVerid's interrogatories asking GPS to identify its claimed damages and those with possession, custody, or control of the information or documents supporting those damages—which GPS served on Defendants on March 14, 2022, over 3 months before the discovery deadline.  (Dkt. 473, at 132–33.)

    Not only was Alan Rosenberg/TPI made known to Defendants in written discovery, but also in depositions.  During Defendants' June 16, 2022 deposition of GPS's CEO Glenn Brinckman, Defendants questioned Brinckman about GPS's claim that it lost $3 million in business from TPI due to Zaatari's statements.  Brinckman testified that the $3 million in lost business from TPI equates to TPI's projected sales for the year, and that Alan Rosenberg at TPI provided that number to GPS employee Tim Boyd.  (Dkt. 473, at 319.)

---

[2] Citations to GPS's Appendix to GPS's Opposition to Defendants' Motion to Strike GPS's First Amended Initial Disclosures refer to the page number of the Court's CM/ECF file-stamped pagination.

The same is true of Chris Pedecine/D&B. During Defendants' June 15, 2022 deposition of GPS founder and Chief Technology Officer Charlie Waddell, Waddell testified that D&B is GPS's manufacturer representative for the New Jersey and New York City markets, and Defendants questioned Waddell about emails between Pedecine and Waddell—and specifically Pedecine's signature block. (Dkt. 473, at 219–21.) GPS also produced emails to or from Pedecine in its very first production on September 24, 2021. (Dkt. 473, at 354.)

The foregoing demonstrates that Alan Rosenberg/TPI and Chris Pedecine/D&B were not just made known to Defendants during discovery, but actually known to Defendants during discovery, and, therefore, the Special Master erred in striking these witnesses. *Hoffman*, 2014 U.S. Dist. LEXIS 204237, at *15–16 (stating "[d]isclosures are considered supplemented 'when a witness not previously disclosed is identified during the taking of a deposition'" and denying plaintiff's motion to strike witnesses added to defendant's supplemental disclosures after the discovery deadline because they "were contextually identified during the taking of depositions so [defendant] did not even have an obligation to supplement" under Rule 26(e) (quoting Fed. R. Civ. P. 26(e) Advisory Committee Notes 1993)); *Burleson v. Collin Cty. Cmty. College Dist.*, 2019 U.S. Dist. LEXIS 41493, at *13 (E.D. Tex. Jan. 14, 2019) (concluding plaintiff's witnesses were timely disclosed because the "witnesses were made known to Defendant during the discovery process"); *Huffman v. City of Conroe*, 2008 U.S. Dist. LEXIS 74311, at *5 (S.D. Tex. Sept. 26, 2008) (holding that although plaintiff did not identify a witness on her initial disclosures, plaintiff "made the necessary disclosure" of the witness because the witness was discussed during depositions and denying defendant's motion to strike the witness); *Chenevert v. GC Constructors*, 2011 U.S. Dist. LEXIS 102636, at *5 (N.D. Miss. Sept. 12, 2011) (holding that defendants were

not obligated to supplement its disclosures to identify a witness who was disclosed in discovery documents and denying plaintiff's motion to exclude that witness).

> B. The Special Master erred in striking Alan Rosenberg/TPI and Chris Pedecine/D&B without considering the harmlessness exception.

Even assuming *arguendo* that Alan Rosenberg/TPI and Chris Pedecine/D&B were not made known during discovery, the Special Master erred in striking these witnesses because the timing of GPS's amended disclosures was harmless.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). The Fifth Circuit has identified four factors that courts are to consider in determining whether a party's untimely disclosure is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Drechsel*, 2015 U.S. Dist. LEXIS 153336, at *5.

The Special Master's order does not address whether the timing of GPS's amended disclosures was harmless. Consideration of the foregoing factors, however, demonstrates that the timing of GPS's amended disclosures was harmless. The evidence is important to GPS's claims. A primary issue for jury determination will be whether Zaatari's defamatory and disparaging statements caused GPS to lose business, and Alan Rosenberg/TPI and Chris Pedecine/D&B, who sell GPS's products to end users, are critical evidence on that issue. The first factor thus weighs

6

against exclusion. *Hoffman v. L&M Arts*, 2013 U.S. Dist. LEXIS 2385, at *11 (N.D. Tex. Jan. 8, 2013) (concluding that the importance of the untimely disclosed evidence weighed against exclusion and supported that the untimely disclosure was harmless).

More importantly, Defendants will not be unfairly prejudiced by allowing the witnesses because, as discussed above, the witnesses were made known to Defendants during discovery. *Drechsel*, 2015 U.S. Dist. LEXIS 153336, at *5–6 ("[C]ourts have declined to exclude evidence or witnesses where the opposing party knew or should have known of an exhibit and its contents or the identity of a person and the scope of her testimony well before trial."); *Huffman*, 2008 U.S. Dist. LEXIS 74311, at *4–5 (holding that plaintiff's failure to disclose a witness was harmless because the witness was made known to defendant during discovery). Moreover, Defendants will not be unfairly prejudiced by allowing the witnesses to testify because Defendants could have deposed these witnesses but chose not to. Indeed, although Ed Sobek, GPS's Chief Science Officer, was added to GPS's amended disclosures, Defendants deposed Sobek for two days on July 29 and August 2, 2022, and Defendants did not move to strike Sobek. (Dkt. 473, at 169–70.) Defendants cannot claim that they were prejudiced by GPS's amended disclosures served on the June 24, 2022 discovery deadline when Defendants elected to depose some of those witnesses and the parties took 14 of the 19 depositions in this case after the discovery deadline. (Dkt. 473, at 169.) And critically, any prejudice to Defendants can be cured by allowing Defendants to depose Alan Rosenberg and Chris Pedecine. Indeed, as the Special Master recognized in the January 20, 2023 order with respect to Defendants' supplemental expert reports—disclosed five months after the discovery deadline in November 2022—the "depositions [of Defendants' experts] may relieve any possible prejudice caused by the timing of [their] supplemental expert reports[.]" (Dkt. 486, at 2.) This rationale likewise applies to Alan Rosenberg/TPI and Chris Pedecine/D&B.

Therefore, even if Alan Rosenberg/TPI and Chris Pedecine/D&B were not made known during discovery, the Special Master erred in striking these witnesses because the timing of GPS's amended disclosures was harmless.

**C.     The Special Master abused her discretion in taxing the costs of additional depositions against GPS.**

The Special Master concluded that Innovative Bioanalysis and Chris Opie were made known to Defendants during discovery but nonetheless ordered that Defendants may depose these witnesses. (Dkt. 481, at ¶¶ 2–3.) And because GPS offered the depositions of Scott Gugenheim and Tim Boyd, the Special Master ordered that these witnesses be made available for deposition. (Dkt. 481, at ¶ 4.) The Special Master ordered that GPS shall bear the taxable court costs of the foregoing four depositions.

The Special Master abused her discretion in taxing the costs of these depositions against GPS. There is no dispute that these witnesses were made known during discovery and Defendants could have deposed these witnesses, but chose not to. As a result, there is no basis for taxing the costs of these depositions against GPS merely because the depositions will occur now. Conversely, GPS previously deposed Zaatari and Defendants' experts Linda Lee, Eric Feigl-Ding, and Max Sherman, but GPS must re-depose Zaatari and these experts regarding their supplemental expert reports served in November 2022—5 months after the discovery deadline and GPS's amended disclosures. Nonetheless, GPS must bear the costs of these depositions. These inconsistent rulings are an abuse of discretion.

**IV.    CONCLUSION**

For the foregoing reasons, GPS respectfully requests that the Court reverse the Special Master's Order striking Alan Rosenberg/TPI and Chris Pedecine/D&B and taxing the costs of depositions against GPS.

8

Dated: January 25, 2023

Respectfully submitted,

**MCGUIREWOODS LLP**

/s/  Robert A. Muckenfuss
**JUSTIN R. OPITZ**
Texas State Bar No. 24051140
**BRITTNEY M. ANGELICH**
Texas State Bar No. 24109591
**ADDISON E. FONTEIN**
Texas State Bar No. 24109876
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
T:  +1 214 932 6400
F:  +1 214 932 6499
jopitz@mcguirewoods.com
bangelich@mcguirewoods.com
afontein@mcguirewoods.com

**Robert A. Muckenfuss** (*pro hac vice*)
North Carolina State Bar No. 28218
**Jocelyn M. Mallette** (*pro hac vice*)
North Carolina State Bar No. 47954
**Kelly A. Warlich** (*pro hac vice*)
North Carolina State Bar No. 51053
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 343-2000
Fax: (704) 343-2300
rmuckenfuss@mcguirewoods.com
jmallette@mcguirewoods.com
kwarlich@mcguirewoods.com

**LUCY JEWETT WHEATLEY**
Virginia State Bar No. 77459 (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219
T: +1 804-775-4320
F: +1 804-698-2017
lwheatley@mcguirewoods.com

**COUNSEL FOR PLAINTIFF
GLOBAL PLASMA SOLUTIONS, INC.**

9

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was electronically filed on **January 25, 2023**, using the Court's CM/ECF system, which will send notice of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                         */s/ Robert A. Muckenfuss*
                                                         Robert A. Muckenfuss