IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> D ZINE PARTNERS, LLC and MARWA ZAATARI, ENVERID SYSTEMS INC., <br><br> *Defendants*. | § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 3:21-cv-00884-M |

### DEFENDANT MARWA ZAATARI'S MOTION FOR LEAVE TO ADD COUNTERCLAIM

Defendant Dr. Marwa Zaatari ("Zaatari) moves the Court for leave to add Counterclaim against Plaintiff Global Plasma Systems, Inc., and, in support, thereof states, as follows:

### FACTUAL BACKGROUND

1. On April 19, 2021, Plaintiff Global Plasma Solutions, Inc. ("GPS" or "Plaintiff") brought this case against D Zine Partners, LLC ("D Zine"), Marwa Zaatari ("Dr. Zaatari"), Enverid Systems ("EnVerid"), Inc (collectively, "Defendants"). GPS asserted the following claims against Defendants: Count I: Federal False Advertising and Unfair Competition (15 U.S.C. § 1125 (a); Count II: Defamation (Texas Law); Count III: Business Disparagement (Texas Law); Count IV: Tortious Interference with Prospective Business (Texas Law); and Count V: Common Law Unfair Competition (ECF 001).

2. On October 12, 2021, GPS filed its Third Amended Complaint (ECF 58).

3. On October 20, 2022, the Court entered an order voluntarily dismissing Zaatari's Counterclaims that existed as of that date (ECF 362). That voluntary dismissal and order did not

dismiss claims that had not yet accrued; did not exist; and did not dismiss future claims.

4. During this suit, Marwa Zaatari, a resident of the State of Texas, was first contacted by a former GPS executive – Keith Garris, a resident of the State of Indiana. While in Texas, for her own protection, Dr. Zaatari lawfully recorded telephone conversations with Mr. Garris while he was physically located in the State of Indiana. The recorded statements demonstrate that Mr. Garris courageously acted like a whistleblower, making true and damaging statements concerning GPS's conduct during those conversations.

5. In a news release issued on or after November 9, 2022, GPS published the following false statements, consisting of two separate paragraphs, to the public concerning those conversations:

> The defendants have actions have now reached a new low. Most recently, this included Zaatari and her husband harassing, lying to, and attempting to intimidate a former GPS employee into providing a "smoking gun" for their case that simply does not exist. Disturbingly, Zaatari posted incomplete excerpts of conversations with this former employee that were recorded surreptitiously and without his consent. GPS has filed with the Court evidence showing Zaatari and her lawyers violated federal witness tampering statutes in recording these conversations and have further attempted to mislead the Court with these false statements in an effort to avoid trial.
>
> As stated in GPS's brief filed with the federal court, "As attested under penalty of perjury by Mr. Garris himself, Defendant Marwa Zaatari, her husband and their lawyers threatened and intimidated Mr. Garris into making false and inaccurate statements about GPS and its employees and tried to coerce Mr. Garris into signing a false and inaccurate declaration for the purpose of influencing testimony in this case. This conduct violates federal law and constitutes illegal witness tampering. It demonstrates that Defendants have no real defense in this case and will resort to criminal acts to try and intimidate witnesses to lie about GPS and its technology."

*See* GPS Air Update to Key Stakeholders, dated November 9, 2022, attached to this Counterclaim as Exhibit A-1, and posted on https://gpsair.com/articles/gps-air-update-to-key-stakeholders (the "Press Release").

6. The news release is replete with false and defaming statements and affirmative statements of false accusations of criminal conduct as to Dr. Marwa Zaatari, her husband, and her lawyers which constitutes defamation *per se*. Mr. Garris executed a declaration "to the best of [his]

knowledge," which does not support the statements made by GPS. Dr. Zaatari discovered the false and defamatory Press Release on November 17, 2022.

7. Two days later, on November 19, 2022, Defendants Marwa Zaatari and D Zine Partners, LLC sent a written retraction demand to GPS was rejected. *See* Retraction Demand from B. Higgins to R. Muckenfuss dated November 19, 2022, attached to this Counterclaim as Exhibit A-2.

8. On November 22, 2022, the Court granted Plaintiff's Motion for Leave to Supplement the Third Amended Complaint (ECF 337) allowing GPS to add defamation allegations relating to Go-Fund-Me statements made by Zaatari. (ECF 416). Prior to the Supplement to Plaintiff's Third Amended Complaint, no GO-Fund-Me statements were at issue in this suit.

9. On November 30, 2022, Plaintiff filed its Supplement to Plaintiff's Third Amended Complaint (ECF 426).

10. On December 14, 2022, Keith Garris was deposed in Indiana. Defendants-Counterclaimants and Plaintiff had the opportunity to depose Keith Garris, and asked Mr. Garris over 2 hours of questions. Mr. Garris testified, *inter alia*, that:

- he did not write the declaration filed with the court (Garris Dep. Transcript pp. 109:19 – 110:2; 150:20–23) attached here as Exhibit A-5);

- he was never threatened by any anybody in the law firm representing Dr. Zaatari (Garris Dep. Transcript: 110:25 – 111:4);

- the fact that he understood that the Department of Justice was investigating GPS, because it took CARES Act money and that might be a civil or criminal act – that process of a potential DOJ filing not yet known - intimidated Garris (Garris Dep. Transcript: 124:19 – 125:4), rather than anything Dr. Zaatari said

or did (Garris Dep. Transcript: p. 125:6–8).

11. The basis of the Press Release was the Garris declaration made "to the best of [his] knowledge." The Garris declaration did not support the defamatory statements contained in the Press Release when made.

12. After Mr. Garris provided the above-sworn testimony in his own words, James D. Shields, Zaatari's attorney, made a second formal request in the Garris deposition for GPS and its counsel to withdraw the defamatory statements of false accusations of criminal conduct against Dr. Zaatari, her husband, and her lawyers made in the pleadings and the press release and demanded that they issue an apology in a press release. (Garris Dep. Transcript: p. 111:6–11). Defendants' second demand for retraction has likewise been rejected.

13. When counsel for Defendants requested the basis for the "criminal conduct," Robert Muckenfuss – lead counsel for GPS and attorney-in-charge – stated that he has conferred with two criminal attorneys at the law firm of McGuireWoods who were of the opinion that criminal conduct had occurred and would be prosecuted. Despite request, no other basis for the allegations or the criminal conduct has been provided. As of the date of January 25, 2023, no criminal referral has been made to any authorities by Plaintiff or its counsel. No criminal investigation has been opened into this conduct, despite committing to do so. Neither Defendants nor their counsel has been contacted by any federal, state, or local agency concerning potential criminal conduct.

14. As of January 25, 2023, the Press Release is still located on GPS's website, and no public retraction has been made.

15. Zaatari seeks to add a counterclaim asserting claims of defamation based on the press release. This motion could not have been filed earlier because it has been brought as early as it could to satisfy the time requirements to allow GPS to retract the press release after Plaintiff has

received two demands for Zaatari's counsel, Bart Higgins and Jaim Shields for GPS to retract the press release and the false statements contained there and contained in Plaintiff's Response In Opposition to Defendants D Zine Partners, LLC and Marwa Zaatari's Emergency Motion To Continue Trial Setting and For Entry of Amended Scheduling Order Due to Recent Developments Regarding Abuse of Discovery Process (ECF 388, p.10 ) wrongfully and falsely accusing Zaatari, her husband and her lawyers of criminal conduct – witness tampering.

16. On April 3. 2023, the case is set for trial.

## PROCEDURAL BACKGROUND

17. On June 21, 2021, the Court entered its Scheduling Order (ECF 31) set the scheduling deadline to add claims as December 1, 2021.

## APPLICABLE LAW

18. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Rule 15 does not set an absolute deadline for a motion for leave to amend, if the court issues a scheduling order that requires all pleadings to be amended by a certain date, the parties must abide by that order. See FED. R. CIV. P. 16(b)(3)(A); *see also S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Before reaching the issue of whether amendment would be appropriate under Rule 15(a), the Court must consider whether Defendant's motion was timely filed according to the scheduling order, and if not, whether Defendants have shown good cause to modify the scheduling order. *S&W*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

19. In support of Plaintiff's Motion for Leave to Supplement Third Amended Complaint [Dkt. 58], GPS correctly stated the applicable law - the purpose of the Rule 15(d) is "to promote

as complete an adjudication of the dispute between the parties as is possible." *DT Apt. Group, LP v. CWCapital,LLC*, 2012 WL 4740488 (N.D. Tex. 2012). Whether to grant a motion to supplement is within the court's discretion, and, in making this determination, courts generally utilize the same factors of fairness when considering motions to amend pleadings under Rule 15(a). *Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995); *Hyde v. Hoffman— La Roche Inc.*, 2008 WL 2923818 at *3 (N.D. Tex. 2008). The court therefore considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of the amendment." *Wimm v Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Like Rule 15 (a), Rule 15 (d) is essentially designed "to bring the action up to date." *Ruston v. General Telephone Co. of Southwest*, 115 F.R.D. 330, n. 1 (S.D. Tex. 1987).

20. Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of *good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge." (Emphasis added). The Fifth Circuit has stated four factors trial courts must consider when determining whether good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [amend within the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

21. For the same reasons and purportedly good faith basis that GPS was allowed to supplement its Third Amended Complaint on November 22, 2022 on new statements made on Go Fund Me more than one year after the filing of this lawsuit and almost 65 days before trial,

the Court should grant this Motion and allow Defendant Marwa Zaatari to add the counterclaims set out in Exhibit A, attached hereto. Because allowing the filing of counterclaims by Zaatari would promote complete adjudication of the parties' disputes and would not result in undue delay or justice to Plaintiff, this Court should grant the motion.

### A. Zaatari's Explanation For Failure to Amend Claims Within Court's Scheduling Deadline - December 1, 2021

22.   Zaatari obviously could not seek leave to add the proposed counterclaim based on GPS's November 9th press release on or before the scheduling deadline of Deecember 1, 2021 because the press release and false accusations of criminal conduct were not published until November 9, 2022. Zaatari was diligent in bringing this motion. Defendant provided GPS the statutorily thirty (30) days to retract the press release each time that it made a retraction demand (one on November 19, 2022, and one on December 14, 2022) for GPS to retract the false accusations of criminal conduct against Zaatari, her husband, and Zaatari's lawyers and to retract the press release. Further, Zaatari had to wait until January 2023 to file this motion because the parties agreed to depose Keith Garris on December 14, 2022, and Defendants did not receive the Garris deposition transcript until January 2023. The Garris deposition provided evidence to show the accusations of criminal conduct were false. Because Zaatari diligently filed this motion after the issuance of Zaatari's November 9, 2022 and December 14, 2022 retraction demands and the expiration of the 30 day requirement to allow GPS to retract, which was rejected, the first factor weighs in favor of granting this motion. Zaatari essentially acted as quickly as she could after learning of the press release; issuing the retraction demands; and taking Garris's deposition.

### B. The Importance of Modification of Court's Scheduling Deadline to Add Zaatari's Counterclaims

**DEFENDANTS D ZINE PARTNERS, LLC AND MARWA ZAAATRI'S**   Page 7 of 11
**MOTION FOR LEAVE TO ADD COUNTER-CLAIM**
Case No. 3:21-cv-00884-M; *Global Plasma Solutions v. D Zine Partners, LLC, et al.*

23.     Similar to GPS's successful argument to the Court allowing Plaintiff's Supplement to Plaintiff's Third Amended Complaint less than two months ago, allowing Zaatari to add her counterclaim will promote the efficient adjudication of the parties' disputes at trial.  The false accusations of criminal conduct published by GPS and its attorneys in the press release and in pleadings bear heavily on the same nucleus set of facts that will be discussed and at issue at trial.  Because the statute of limitations for a defamation claim is one-year, this lawsuit is the most efficient proceedings to resolve GPS's defamatory statements against Zaatari in GPS's press release and thus, will promote the interests of justice.  *See* Tex. Civ. Prac. & Rem. Code §§ 16.002(a); 16.003(a).

24.     Even if this motion is not granted, GPS's conduct issuing the press release will be introduced as evidence at trial along with disgusting racist, sexist, misogynistic, xenophobic and pornographic texts and photos messages for impeachment purposes exchanged with and/or by Charles Waddell – GPS's CTO and Founder to refute GPS's new defamation claim and denial that Waddell would never make such outrageous disgusting xenophobic comments for Zaatari to go back home.  The facts articulated in Zaatari's counterclaim demonstrate that Plaintiff is the party who has been on a continuous crusade of selectively sidelining and attempting to silence, damage, harm, and destroy the career and reputation of Dr. Marwa Zaatari using this litigation and the defaming monthly press releases as the vehicle to  accomplish its objective.  Because the November 9th press release and false accusations of criminal conduct against Zaatari is a newly accrued claim that was not dismissed under the Court's prior Order (ECF 362) and because the facts supporting the claim arise from the same pattern of abuse by GPS and will be presented at trial regardless, the second factor favors the granting of this motion.  As GPS argued in November, it makes the most sense that the Court allow this new claim to be adjudicated in the

upcoming trial set for April 3, 2023. The importance factor weighs in favor of granting this motion.

### C. Potential Prejudice in Allowing Modification of Court's Scheduling Order to Add Claims And Allowing Zaatari's Counterclaims

25. In support of its motion for leave to supplement Plaintiff's Third Amended Complaint, GPS argued that Supplemental Complaint on the new Go Fund Me Claims within one month of trial would not result in undue delay or prejudice to Defendants because the new supplemental claim contained limited facts from Zaatari's recent Go Fund Me Statements, with the statements coming a few days ago, long after the filing of Plaintiff's Third Amended Complaint, and because Zaatari alone is responsible for the conduct necessitating the Supplemental Complaint. *See* ECF 337 at p.5. The argument follows that a party should not be able to complain about prejudice that it is self-imposed or created.

26. Applying the same logic and arguments here, allowing Zaatari to add the draft Counterclaims attached as Exhibit A will not create undue delay or prejudice because the facts supporting the counterclaims are limited to GPS's press release; the testimony of Keith Garris; the testimony of Marwa Zaatari; and the testimony of GPS which is being deposed on February 10, 2023. Further, GPS should not be able to complain about any prejudice when such prejudice was self-inflicted when GPS decided on its own to publish a press release to the public that contained false accusations of criminal conduct. If GPS wants to take a deposition on damages caused to Zaatari's reputation from GPS's false accusations of criminal conduct, it can do that.

27. Finally, the counterclaim is not futile. If GPS is allowed to add a claim based on Zaatari's recent Go Fund Me statements, it respectfully would be fair, equitable and appropriate for Zaatari to add a counterclaim for the same reasons. Perhaps, the counterclaim will force GPS to non-suit its case before this motion is granted or force GPS to be reasonable in mediation.

**DEFENDANTS D ZINE PARTNERS, LLC AND MARWA ZAAATRI'S**     **Page 9 of 11**
**MOTION FOR LEAVE TO ADD COUNTER-CLAIM**
Case No. 3:21-cv-00884-M; *Global Plasma Solutions v. D Zine Partners, LLC, et al.*

Overall, the prejudice factor weighs in favor of granting this motion.

### D. Availability of a Continuance to Cure Any Prejudice to Plaintiff

28.     Court has made it clear that the trial date of April 3, 2023, will not be continued, because it has been continued in the past. Although Zaatari does not believe that any prejudice exists if the Court allows the filing of Zaatari's Counterclaim with the trial more than two months away and with GPS being allowed to depose Zaatari on the Counterclaim, Zaatari respectfully submits that any prejudice would be cured with a short trial continuance which Zaatari is not advocating for if the Court finds that GPS is unfairly prejudiced with the allowance of Zaatari's Counterclaim with the current trial date of April 3, 2023.

WHEREFORE, for the reasons stated above, Defendant Marwa Zaatari respectfully moves this Court to grants Defendant Marwa Zaatari's Motion for Leave to Add Counterclaims in its entirety and allows Defendant to file Defendant Marwa Zaatari's Counterclaim attached here as Exhibit A.

Dated: January 25, 2023                                    Respectfully submitted,

*/s/ Bart F. Higgins*
James D. Shields, SBN: 18260400
Bart F. Higgins, SBN: 24058303
David A. Shields, SBN: 24083838
**Shields Legal Group, P.C.**
16400 Dallas Parkway, Suite 300
Dallas, Texas 75248
Tel: (972) 788-2040
Fax: (972) 788-4332
jsheilds@shieldslegal.com
bhiggins@shieldslegal.com
dshields@shieldslegal.com

**ATTORNEYS FOR DEFENDANT MARWA ZAATARI AND D ZINE PARTNERS, LLC**

## CERTIFICATE OF CONFERENCE

I certify that I have met and conferred in person at my office listed below on Wednesday, January 25, 2023, with Plaintiff's counsel, Lucy Wheatley and Addison Fontein, on the issues presented in this motion and Plaintiff's counsel opposes this motion.

*/s/ Bart F. Higgins*

## CERTIFICATE OF SERVICE

It is hereby certified that on January 25, 2023, a copy of the foregoing was served through the Court's electronic filing system as to all parties who have entered an appearance in this proceeding.

*/s/ Bart F. Higgins*
BART F. HIGGINS