**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**GLOBAL PLASMA SOLUTIONS, INC.,**

　　　*Plaintiff,*

v.

**D ZINE PARTNERS, LLC,
MARWA ZAATARI, and ENVERID
SYSTEMS, INC.,**

　　　*Defendants.*

**CIVIL ACTION NO. 3:21-CV-00884-M**

**APPENDIX TO PLAINTIFF GLOBAL PLASMA SOLUTIONS, INC.'S RESPONSE IN
OPPOSITION TO DEFENDANTS D ZINE PARTNERS, LLC'S AND DR. MARWA
ZAATARI'S MOTION FOR SANCTIONS AND MOTION TO COMPEL CONTINUED
DEPOSITION OF SCOTT GUGENHEIM**

| Exhibit No. | Title |
|:---:|:---|
| A | Defendants enVerid Systems, Inc.'s Notice of Deposition to Scott Gugenheim, served on January 26, 2023 |
| B | Excerpts from the deposition transcript (Rough) of Scott Gugenheim taken in this matter on February 23, 2023 |
| C | Excerpts from the deposition of Kevin Noble taken in this matter on February 21, 2023 |

Dated: February 27, 2023

Respectfully submitted,

**MCGUIREWOODS LLP**

/s/  *Robert A. Muckenfuss*
**JUSTIN R. OPITZ**
Texas State Bar No. 24051140
**BRITTNEY M. ANGELICH**
Texas State Bar No. 24109591
**ADDISON E. FONTEIN**
Texas State Bar No. 24109876
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
T:  +1 214 932 6400
F:  +1 214 932 6499
jopitz@mcguirewoods.com
bangelich@mcguirewoods.com
afontein@mcguirewoods.com

**ROBERT A. MUCKENFUSS** (*pro hac vice*)
North Carolina State Bar No. 28218
**KELLY A. WARLICH** (*pro hac vice*)
North Carolina State Bar No. 51053
**MCGUIREWOODS LLP**
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
T: +1 704-343-2000
F: +1 704-343-2300
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com

**LUCY JEWETT WHEATLEY**
Virginia State Bar No. 77459 (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219
T: +1 804-775-4320
F: +1 804-698-2017
lwheatley@mcguirewoods.com

**COUNSEL FOR PLAINTIFF**
**GLOBAL PLASMA SOLUTIONS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that the foregoing document was electronically filed on **<u>February 27, 2023</u>**, using the Court's CM/ECF system, which will send notice of such filing to all counsel of record who are deemed to have consented to electronic service.


        */s/ Robert A. Muckenfuss*
        Robert A. Muckenfuss

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLOBAL PLASMA SOLUTIONS, INC.,** | § § § | |
| *Plaintiff,* | § § | |
| | § | **CIVIL ACTION NO. 3:21-cv-00884-M** |
| **v.** | § § | |
| **D ZINE PARTNERS, LLC and MARWA ZAATARI, ENVERID SYSTEMS INC.,** | § § § § | |
| *Defendants.* | § | |

---

**DEFENDANT ENVERID SYSTEMS, INC.'S NOTICE OF DEPOSITION TO SCOTT GUGENHEIM**

---

**To:** **Scott Gugenheim, by and through his attorneys of record, Robert Muckenfuss, Justin Opitz, Kelly Warlich, Addison Fontein, McGuire Woods LLP, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202.**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, please take notice that Defendant enVerid Systems, Inc., intends to take the oral deposition of **SCOTT GUGENHEIM**, beginning at **9:00 a.m**. eastern standard time, on **February 8, 2023**. The deposition will be conducted at the offices of **McGuireWoods LLP, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202.**

The oral examination of the witness will continue from day to day until completed, including all adjournments and recesses at such time and place as may be taken until discharged by law. The deposition will be administered under oath and shall be recorded by a stenographer or certified court reporter and may be videotaped.

All parties are invited to attend and examine the witness.

1

27899591v1 96640.002.00

Date: January 26, 2023

Respectfully submitted,

/s/ Kendal B. Reed
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
Leah K. Lanier
Texas Bar No. 24080068
llanier@condontobin.com
**CONDON TOBIN SLADEK THORNTON
NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

***ATTORNEYS FOR DEFENDANT ENVERID
SYSTEMS, INC.***

2

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on January 26, 2023, a copy of the foregoing was served through email as to the following parties who have entered an appearance in this matter:

         **MCQUIREWOODS LLP**
         Justin Opitz
         Addison Fontein
         2000 McKinney Avenue, Suite 1400
         Dallas, TX 75201
         *jopitz@mcguirewoods.com*
         *afontein@mcguirewoods.com*

         Robert A. Muckenfuss (*pro hac vice*)
         Kelly A. Warlich (*pro hac vice*)
         201 North Tryon Street, Suite 3000
         Charlotte, NC 28202
         *rmuckenfuss@mcguirewoods.com*
         *kwarlich@mcguirewoods.com*

         Lucy Jewett Wheatley (*pro hac vice*)
         800 East Canal Street
         Richmond, VA 23219
         *lwheatley@mcguirewoods.com*

         ***Attorneys for Plaintiff Global Plasma Solutions, Inc.***

         **SHIELDS LEGAL GROUP, P.C.**
         James D. Shields
         Bart F. Higgins
         David A. Shields
         16400 Dallas Parkway, Suite 300
         Dallas, TX 75248
         *jshields@shieldslegal.com*
         *bhiggins@shieldslegal.com*
         *dshields@shieldslegal.com*

         ***Attorneys for D Zine Partners, LLC and Marwa Zaatari***

                              */s/ Kendal B. Reed*
                              KENDAL B. REED

# EXHIBIT B

```
0001
 1                      Rough Draft
 2   UNITED STATES DISTRICT COURT
 3   FOR THE NORTHERN DISTRICT OF TEXAS
 4   DALLAS DIVISION
 5    GLOBAL PLASMA SOLUTIONS, INC.
 6              Plaintiff
 7    VS.
 8    D ZINE PARTNERS, LLC and MARWA
     ZAATARI, ENVERID SYSTEMS, INC.,
 9
10                Videotape Deposition of
                    Scott Gugenheim
11
                   February 23, 2023
12                   At 9:00  a.m.
13   Reported by LeShaunda Cass-Byrd, CSR, RPR
14   TSG Job No.
15
16
17
18
19
20
21
22
23
24
25
↟
0002
 1                      Rough Draft
 2   On behalf of Defendants enVerid:
 3        KENDAL REED, Esq.
          Condon Tobin
 4        8080 Park Lane
          Suite 700
 5        Dallas, Texas 74231
 6   On behalf of Plaintiffs:
 7        LUCY WHEATLEY, Esq.
          McGuireWoods
 8        Richmond, Virginia
 9   On behalf of Marwa Zaatara & D Zine
10        BART HIGGINS, Esq.
          Shields Legal Group, P.C.
11        16400 Dallas Parkway
          Suite 300
12        Dallas, Texas 75248
13   Also Present;
14        Marwa Zaatara
```

```
17       Q.    How about as you sit here today can you
18  testify as to any statements that you can recall made
19  by Dr. Zaatari that you say are false, misleading and
20  defamatory?
21       A.    I cannot recall off the top of my head.
22       Q.    Have you --
23       A.    I would like to ask my attorney a question.
24             MS. WHEATLEY:  Can we take a break?
25             MR. REED:  I mean, not if he is going
```
⬆
0101
```
                          Rough Draft
 1       to ask you about his testimony.  I mean,
 2       that's improper to go talk about testimony
 3       during a break.
 4             MS. WHEATLEY:  He is allowed to ask
 5       me questions.  We are going to take a
 6       break.
 7             MR. REED:  That's -- I'm not agreeing
 8       to a break.
 9
10             MS. WHEATLEY:  Well, okay, well, we
11       are leaving.  He is always allowed to ask
12       his attorney a question.
13             THE VIDEOGRAPHER:  The time on the
14       monitor is 11:45 a.m., and we are off the
15       record.
16             (Recess taken.)
17             THE VIDEOGRAPHER:  The time on the
18       monitor is 11:49 a.m., and we are on the
19       record.
20  BY MR. REED:
21       Q.    All right.  Mr. Gugenheim, we took a
22  four-minute break there so you could converse with
23  your attorney.
24             Any testimony you want to change now after
25  your discussion with your attorney?
```
⬆
0102
```
                          Rough Draft
 1       A.    No.
 2
 3       Q.    All right.  And did you discuss any of your
 4  answers to my questions?
 5             MS. WHEATLEY:  Objection.  Do not
 6       answer that.  That is attorney-client
 7       privileged communication as to what he
 8       discussed with his attorney.  So I'm
 9       instructing him not to answer.
10             And, Kendal, you know that's improper
11       to ask what he discussed with his attorney.
12             MR. REED:  I'll object to your
```

```
24   represent D Zine partners LLC and Dr. Marwa Zaatari.
25        A.    Nice to meet you, Bart.
```
☝
```
0260
 1                    Rough Draft
 2        Q.    Good afternoon.
 3        A.    Good afternoon.
 4        Q.    Can you hear me fine?
 5        A.    I can hear you.
 6        Q.    Okay.  If there is any point in time where
 7   you cannot hear me, can you please let me know and I
 8   will re-ask my question?
 9        A.    Can we move that speaker closer?
10              THE VIDEOGRAPHER:  No because I have
11    to have this.
12              THE WITNESS:  Okay.  That is fine.
13   BY MR. HIGGINS:
14        Q.    If you don't hear me, can you please let me
15   know?
16        A.    Yes.
17        Q.    Okay.  You understand that you're under
18   oath and that this testimony can be shown to a jury?
19        A.    I do.
20        Q.    Did you at any point in time produce
21   documents in response to the defendants' discovery
22   request in this case?
23        A.    Did I produce documents in response to the
24   defendants' discovery request.
25              MS. WHEATLEY:  Objection to form.  I
```
☝
```
0261
 1                    Rough Draft
 2   am sorry.  I just needed to get that on the
 3   record.  You can answer.
 4              THE WITNESS:  I would need more, more
 5   detail as to what specific documents
 6   because I don't recall if I did or did not.
 7   BY MR. HIGGINS:
 8        Q.    Well, were you ever at any point in time,
 9   asked to produce, look for and produce documents that
10   would be responsive to written discovery requests
11   served by the defendants in this case?
12        A.    I don't believe so.  I don't think I was
13   given any.  Not that I recall.
14        Q.    Do you maintain -- do you maintain files on
15   your personal computer or work computer?
16        A.    I do.
17        Q.    And were those files produced in this case?
18        A.    I do not know.
19        Q.    Were those files turned over to GPS's
```

```
20   counsel?
21          MS. WHEATLEY:  Objection.
22      Foundation.  You can answer if you know.
23          THE WITNESS:  I do not know.
24   BY MR. HIGGINS:
25      Q.     You didn't turn over any text messages,
```
⬆
0262
```
 1                      Rough Draft
 2   correct?
 3      A.     That is correct.
 4      Q.     And you didn't look for any responsive or
 5   relevant text messages, correct?
 6      A.     I was not asked to look for any text
 7   messages or turn over any text messages.
 8      Q.     Do you still have the same phone?
 9      A.     Yes.  Well, the same phone as when?
10      Q.     Well, this lawsuit started on April 19th,
11   2021?
12      A.     I have the same phone number.  I do not
13   necessarily have the same phone, physical phone
14   device.
15      Q.     Have you ever been -- have you ever
16   received a demand to preserve all evidence in this
17   case?
18      A.     I have received a demand to preserve
19   evidence and I do not recall which case it was for.
20      Q.     So you don't know if it was in this case?
21      A.     I do not know.
22      Q.     Have you received a CID from the department
23   of justice?
24      A.     I do not know what a CID is but I have not
25   received anything from the department of justice.
```
⬆
0263
```
 1                      Rough Draft
 2      Q.     You indicated you didn't review any
 3   documents to prepare for your deposition, correct?
 4      A.     Correct.
 5      Q.     Why not?
 6          MS. WHEATLEY:  Objection.  To the
 7      extent this question would get at your
 8      attorney's strategy for preparing you for
 9      this deposition, don't answer.  If you have
10      a personal answer to that question that
11      does not invade attorney client
12      communication you can answer.
13   BY MR. HIGGINS:
14      Q.     Can you answer my question?
15      A.     I'm thinking about it.  I guess the answer
```

11    byproducts after GPS technology or products are used?
12        A.    I'm not aware of those test reports.
13        Q.    Okay.  Do you know what the ASHRAE
14    formaldehyde parts per billion limit is, for
15    formaldehyde?
16        A.    I do not.
17        Q.    Do you know what the limit for the OEHA --
18    OEHHA limit is for formaldehyde?
19        A.    I do not.
20        Q.    Do you know what the NIOSH/FEMA limit is
21    for formaldehyde?
22        A.    I do not.
23        Q.    And you don't think it's important to know
24    those as a part of your job responsibilities?
25        A.    I have access to a document with all of
↑
0329
 1                    Rough Draft
 2    that information, but I do not have it memorized.
 3        Q.    So you don't know sitting here today, but
 4    are you telling me that you have that information
 5    somewhere else on your computer?
 6        A.    I have a document that addresses some of
 7    those organizations' maximum limits of various VOCs in
 8    a document that I can refer to if I need to.
 9        Q.    Okay.  Pull up this one.
10            MS. WHEATLEY:  Actually, can we see
11       how much time is on the record?
12            (Discussion off the record.)
13            MR. HIGGINS:  I want to take a break.
14            MS. WHEATLEY:  Well, I mean we'd
15       prefer to stay on the record because it's
16       been a really long day --
17            MR. HIGGINS:  I am sorry, Lucy.  I
18       have to use the bathroom, so we are going
19       off the record.
20            THE VIDEOGRAPHER:  All right.  The
21       time on the monitor is 5:47 p.m., and we
22       are off the record.
23            (Recess taken.)
24            THE VIDEOGRAPHER:  The time on the
25       monitor is 5:57 p.m., and we are on the
↑
0330
 1                    Rough Draft
 2       record.
 3            MS. WHEATLEY:  And would you mind
 4       stating the record time we have been on
 5       right now?
 6            THE VIDEOGRAPHER:  We have been on

```
 7          for six hours and 44 minutes.
 8              MR. HIGGINS:  And I told Ms. Wheatley
 9          that I'm probably going to need 20 to 30
10          more minutes, so -- which is an extra four
11          minutes -- or 10 extra minutes.  And I also
12          indicated if she wanted to leave the room
13          with the witness at the end of 16 minutes,
14          she's more than -- she can do that.
15              So let's proceed.
16              MS. WHEATLEY:  You indicated at the
17          end of seven hours record time.
18              MR. HIGGINS:  I would like to go to
19          the next exhibit.  We are going to mark the
20          next exhibit, which is 31.
21              (Defendant Exhibit 31 was marked for
22     identification.)
23     BY MR. HIGGINS:
24          Q.    Scott, have you seen Exhibit 31?
25          A.    You'll have to show it to me, please.
↑
0331
 1                   Rough Draft
 2              Can you zoom in?
 3              Hold on.
 4              Can you continue to scroll through?
 5          Q.    Have you seen Exhibit 31?
 6              MS. WHEATLEY:  You have not scrolled
 7          past page 3.
 8              THE WITNESS:  Hold on.  Okay.  Okay.
 9          Okay.  Keep going.  Keep going, please.
10          Keep going.  Keep going.  Keep going.  Keep
11          going.  Keep going.
12              Can you go back to page 2, please.
13              Okay, page 3.  Sorry.
14              I do not think I'm familiar with this
15          test report.
16     BY MR. HIGGINS:
17          Q.    And do you -- would it be fair that this
18     test report is not on GPS's website?
19          A.    There is an Intertek byproduct test report
20     that I believe is on our website, either external or
21     for our reps.  I cannot confirm that it is this
22     specific one.  Although they look very similar, I do
23     not know if it's the same report as the one that I
24     have -- that I am familiar with.
25          Q.    Okay.  Thank you.
↑
0332
 1                   Rough Draft
 2              Scott, you testified earlier that you the
```

```
 6              MS. WHEATLEY: Objection asked and
 7         answered.
 8    THE ATTORNEY:
 9         Q.    Can you answer /THAP Scott I got one more
10    document /STP-B then we are done?
11         A.    I think we are are done.
12         Q.    No I have one more document?
13              MS. WHEATLEY: We will give you one
14         minute mark let him have one minute.
15    BY MR. HIGGINS:
16         Q.    Can you answer our question?
17              MS. WHEATLEY: What is the question
18         Bart we lost track.
19    BY MR. HIGGINS:
20         Q.    Why did GPS only sue Dr. Marwa Zaatari
21    instead of all of the people /THAP signed on to the
22    open letter?  Well I can't speculate as to why a
23    lawsuit was filed but I will say Dr. Zaatari was the
24    primary author of the document.
25         Q.    How do you know that?
```
↑
0344
```
 1                   Rough Draft
 2         A.    Because her name is on it as the author.
 3         Q.    Mow do you know it was a primary author.
 4    Because she wrote it on a piece of paper when she
 5    published it.
 6         Q.    Okay.  I'm going to mark the next exhibit
 7    my final exhibit which is exhibit 33?
 8    (Defendant Exhibit [!#] was marked for
 9    identification.)
10         Q.    Do you want to review every single line we
11    go off the record I just want to know if it's a true
12    and correct copy of the e-mail that you received on
13    August 23rd, 2021 from Ryan N A C K E?
14         A.    Is your question is this an e-mail that I
15    received from Ryan knack key on August 32, 23rd 2021
16    at 443 p.m.
17         Q.    Yes
18         A.    It appears to.
19         Q.    Is it a true ask correct copy?
20         A.    It appears to be.
21         Q.    Go down to did you know if you responded to
22    this e-mail from Mr. Nacke at any point in time Scott?
23         A.    I do not recall whether I not I responded
24    to this e-mail that was a year ago and a half year and
25    a half old.
```
↑
0345
```
 1                   Rough Draft
```

```
 2        Q.        Did you review this exhibit when it came
 3   in?
 4        A.        I have -- you mean like I have right now.
 5        Q.        No when you received it did you review the
 6   e-mail chain when you received it?
 7        A.        I would have assume they read the e-mail
 8   when I received it I do not recall the e-mail at this
 9   point and I can only see the first paragraph it's 5
10   pages long.
11        Q.        Well please take time to review it because
12   I want to know if you?
13             MS. WHEATLEY: He can't control it.
14             THE WITNESS:  It easier to bottom so
15       I can see it in order it was written.
16   BY MR. HIGGINS:
17        Q.        Tell you you when ready?
18        A.        Okay I'm ready to scroll up.
19        A.        Okay okay okay okay.
20        Q.        Go to page 3.
21             MS. WHEATLEY: Bart we are well oaf
22       time here.
23             MR. HIGGINS: I want to read for the
24       jury Scott the first 2 perhaps on page 3.
25             MS. WHEATLEY: You want him to read
```
🔺
```
0346
 1                  Rough Draft
 2   the e-mail allowed no.  We are done that is
 3   not a question no.  We are done we are
 4   overtime we are after seven hours we are
 5   leaving.
 6             MR. HIGGINS: Lucy I'm not done with
 7   my examination.
 8             MS. WHEATLEY: Well you timed out
 9   you're over seven hours and you just
10   literally asked the witness to read 2
11   paragraphs from a document out loud that is
12   not even a question.
13             MR. HIGGINS: You know what.
14             MS. WHEATLEY: Owe object to using the
15   witnesses time.
16             MR. HIGGINS: I'm doing to get is a
17   sill an on the phone right now.
18             MS. WHEATLEY: Go ahead.  Scott I will
19   see you out and we can talk to is a sill a
20   Bart I look forward to it.
21             THE VIDEOGRAPHER: I'm doing off the
22   record if you can take your screen share
23   off I can stop this recording.  Appreciate
24   that.  And we are 620 p.m. and we are off
```

25    the record.

# EXHIBIT C

CONFIDENTIAL

Page 1

1              UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF TEXAS

3                   DALLAS DIVISION

   _____ )
4                                       )
   GLOBAL PLASMA SOLUTIONS, INC.,       )CASE NO.:
5                                       )
                   Plaintiff,           )3:21-cv-00884-M
6                                       )
            v.                          )
7                                       )
   D ZINE PARTNERS, LLC and MARWA       )
8  ZAATARI, ENVERID SYSTEMS, INC.,      )
                                        )
9                  Defendants.          )
   _____ )

10

11

12

13      ** THIS TRANSCRIPT IS MARKED CONFIDENTIAL **

14

15            DEPOSITION OF KEVIN NOBLE

16                    VOLUME I

17       REMOTELY IN LONG BEACH, CALIFORNIA

18           TUESDAY, FEBRUARY 21, 2023

19

20

21

22

23

24  REPORTED BY:   NATALIE PARVIZI-AZAD, CSR, RPR, RSR
                   CSR NO. 14125
25  JOB NO.:       222559

CONFIDENTIAL

1              MR. SHIELDS:  Okay.  Just for the record,

2    Mr. Noble, you don't have to do this any longer.

3    You are released.  GPS has no right to ask questions

4    during this part of the deposition; they did not

5    send you a subpoena and the order does not permit

6    them to ask questions.  So you are here voluntarily

7    helping GPS by answering any further questions by

8    Ms. Wheatley without authorization.

9              MR. CULLINANE:  So this is Bryce Cullinane

10   stating that on the record that counsel for GPS,

11   before we went off the record last, stated to us

12   that she wanted to authenticate some documents.  She

13   said that would take about 30 minutes and Mr. Noble,

14   being a nice guy, agreed to do that.

15             MR. SHIELDS:  Understood.

16   BY MS. WHEATLEY:

17        Q.   All right.  What has been marked as

18   Exhibit 23, is this a test report of the GPS FC48

19   relating to influenza A virus?

20        A.   Looks that way.

21        Q.   And turning to --

22             MR. SHIELDS:  Object to foundation.

23   BY MS. WHEATLEY:

24        Q.   And turning to the next page, if you look

25   at the last line and the conclusion was -- did IBA

Page 393

```
 1            I HAVE NOT, AND SHALL NOT, OFFER OR PROVIDE

 2    ANY SERVICES OR PRODUCTS TO ANY PARTY'S ATTORNEY OR

 3    THIRD PARTY WHO IS FINANCING ALL OR PART OF THE

 4    ACTION WITHOUT FIRST OFFERING SAME TO ALL PARTIES OR

 5    THEIR ATTORNEYS ATTENDING THE PROCEEDING AND MAKING

 6    SAME AVAILABLE AT THE SAME TIME TO ALL PARTIES OR

 7    THEIR ATTORNEYS.  (CIV. PROC § 2025.320(B))

 8            I SHALL NOT PROVIDE ANY SERVICE OR PRODUCT

 9    CONSISTING OF THE CERTIFIED STENOGRAPHER'S NOTATIONS

10    OR COMMENTS REGARDING THE DEMEANOR OF ANY WITNESS,

11    ATTORNEY, OR PARTY PRESENT AT THE PROCEEDING TO ANY

12    PARTY OR ANY PARTY'S ATTORNEY OR THIRD PARTY WHO IS

13    FINANCING ALL OR PART OF THE ACTION, NOR SHALL I

14    COLLECT ANY PERSONAL IDENTIFYING INFORMATION ABOUT

15    THE WITNESS AS A SERVICE OR PRODUCT TO BE PROVIDED

16    TO ANY PARTY OR THIRD PARTY WHO IS FINANCING ALL OR

17    PART OF THE ACTION.  (CIV. PROC. § 2025.320(C))

18

19    DATED:  FEBRUARY 24, 2023.

20

21

22    _____

23         NATALIE PARVIZI-AZAD, CSR NO.14125

24

25
```