IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL PLASMA SOLUTIONS, INC., | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:21-cv-00884-M |
| D ZINE PARTNERS, LLC, et al., | | |
| Defendants. | | |

# ORDER

Before the Court is Defendant Marwa Zaatari's Motion for Leave to Add Counterclaim. ECF No. 488. The Court's June 21, 2021, Scheduling Order set the deadline to amend pleadings as December 1, 2021. ECF No. 31. Zaatari seeks to add a counterclaim asserting defamation causes of action based on Plaintiff's November 9, 2022, published press release to stakeholders ("Press Release").

A scheduling order shall not be modified except upon a showing of good cause, with leave of the Court. Fed. R. Civ. P. 16(b). The Fifth Circuit considers four factors to determine if a district court abused its discretion in denying leave to amend pleadings under Rule 16(b): (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Zaatari confirms that she discovered the Press Release on November 17, 2022, but delayed in seeking leave to amend for more than two months. Zaatari does not give a

satisfactory explanation for the delay.  *See Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003).

In her proposed amendment, Zaatari seeks relief from Plaintiff for alleged defamation stemming from the Press Release, and thus the proposed amendment is important.  Although Zaatari previously withdrew her earlier-filed defamation counterclaims in August 2022, the Court notes that those since-dismissed counterclaims were based on different conduct.  ECF No. 266.  Zaatari's amendment would thus reinject defamation into the case as a theory of liability based on Plaintiff's recent conduct.

Given that Zaatari's proposed amended pleading adds new theories of liability to the case, Plaintiff would be prejudiced by the amendment.  Plaintiff has stated, and the Court has no reason to doubt, that Plaintiff would move to dismiss the counterclaim related to the Press Release, which would not be ripe in time to be resolved before the special trial setting of April 3, 2023.  If such a motion were denied, Plaintiff would probably seek additional discovery to prepare a defense to these new claims.  The deadline for filing dispositive motions passed on July 18, 2022 (ECF No. 119), and the trial date has been continued twice already.

Regarding the availability of a continuance, the Court notes that this is one of the most contentious cases this Court has seen in twenty-three years.  The extensive nature of the parties' disputes has profoundly taxed this Court's resources, and necessitated the rare appointment of a Special Master to facilitate resolution of discovery disputes.  Granting this Motion and allowing it to result in a continuance of the trial setting would further deplete limited Court resources.  Zaatari has not shown that a continuance would be justified.

However, the Press Release was published after the deadline to amend pleadings passed, so Zaatari could not assert this counterclaim before such deadline.  Zaatari represents, and the

Court has no reason to doubt, that if this Motion for Leave is denied, Zaatari will probably reassert this counterclaim in a new case. Given that the outcome of the April 3, 2023, trial may create collateral estoppel issues, this Court would likely be assigned that case.

In sum, factor 2—the importance of the amendment—weighs in favor of granting Zaatari leave to amend, but the other factors weigh against it. In the interest of balancing the failure to timely move, prejudice, and unavailability of a continuance against the importance of Zaatari being able to assert this new counterclaim, while conserving judicial resources and avoiding the inefficiencies of an additional lawsuit, the Court is *sua sponte* ordering a separate trial on Zaatari's proposed counterclaim.

The Motion is therefore **GRANTED**, subject to Zaatari's new counterclaim being heard in a separate trial before this Court. All matters related to the counterclaim are **STAYED** pending a further order.

**SO ORDERED**.

March 3, 2023.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE